Kenneth MONZULLA, Appellant,

v.

**VOORHEES CONCRETE CUTTING**
and Alaska National Insurance
Company, Appellees.

No. S–13640.

Supreme Court of Alaska.

June 24, 2011.

James M. Hackett, Law Office of James M. Hackett, Fairbanks, for Appellant.

Richard L. Wagg and Vicki A. Paddock, Russell, Wagg, Gabbert & Budzinski, P.C., Anchorage, for Appellees.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

*OPINION*

CARPENETI, Chief Justice.

## I. INTRODUCTION

Does the Alaska Workers' Compensation Appeals Commission have subject matter jurisdiction to review interlocutory orders of the Alaska Workers' Compensation Board before a final Board decision? In 2006 the Commission decided that it had implied jurisdiction to hear motions for extraordinary review, which are similar to petitions for review in the appellate courts. In 2008 an employer asked the Commission to review and to stay the Board's non-final order denying a change of venue from Fairbanks. The Commission first issued a partial stay, permitting the case to go forward in any venue other than Fairbanks. It later reviewed the merits of the Board's decision to deny the change of venue and reversed it. The employee contends that the Commission did not have subject matter jurisdiction over motions for extraordinary review because the legislature only granted the Commission jurisdiction to hear appeals of final Board orders. Because we find that jurisdiction to hear interlocutory appeals is necessarily incident to the Commission's express power to hear appeals from final Board decisions, we affirm the Commission's decision.

## II. FACTS AND PROCEEDINGS

Kenneth Monzulla hurt his back in 1999 when he was working for Voorhees Concrete Cutting in Fairbanks. As the Board noted in one of its decisions in the case, "[t]he medical and legal records in this case are voluminous." In September 2001, the parties entered a partial compromise and release agreement to settle all issues except future medical care for his lumbar and thoracic spine; their more recent substantive disputes have involved the extent of this medical care.

The parties have also disagreed about venue for the proceedings. Because Monzulla injured his back in Fairbanks, venue for Board proceedings related to his injury was initially in Fairbanks.[1] Monzulla moved to the Kenai Peninsula in 2002, and his treating

---

1. 8 Alaska Administrative Code (AAC) 45.072 (2011) (setting venue in "the city nearest the place where the injury occurred" unless circumstances justify change of venue).

physician at the time of the Board proceeding was in Soldotna. Voorhees twice asked the Board to change venue from Fairbanks to Anchorage, arguing that it would be less costly and time consuming to have hearings in Anchorage. Monzulla, appearing pro se, opposed Voorhees's requests to change venue because the Fairbanks office was already familiar with his case.

Voorhees's first petition for a change of venue was filed in November 2006. After a hearing, the Board denied the petition, finding that "Fairbanks [would] better serve the balanced interests of the parties, witnesses, and the [Board], and would provide a speedier remedy." The Board held a hearing on March 1, 2007, on various claims raised by Monzulla; in its decision, it granted some claims and denied others. Voorhees appealed the Board's final decision to the Commission and at the same time appealed the interlocutory order denying its petition for change of venue. On February 4, 2008, the Commission affirmed in part and reversed in part the Board's orders. On the venue issue, the Commission affirmed the Board's denial of a change of venue with a cautionary instruction to the Board not to consider its own interest when evaluating a change of venue request.

On July 16, 2008, Voorhees again petitioned the Board to change venue; the Board again denied the petition. Voorhees filed a motion for extraordinary review and request for stay with the Commission on October 24, 2008. The Commission granted extraordinary review of the venue question, stayed the Board proceedings "in the northern venue, but not proceedings in other venues," and invited the participation of the director of the Division of Workers' Compensation because of the question's potential impact on Board procedure.[2] Monzulla filed a letter with the Commission, which it construed as a motion for reconsideration of its grant of extraordinary review. The Commission denied reconsideration.

In its decision on the merits, the Commission decided that the Board had abused its discretion in failing to change venue to Anchorage "because it relied on an impermissible consideration, its own interest, under 8 [Alaska Administrative Code] 45.072(2) and because it lacked sufficient evidence to find that Fairbanks was a more convenient forum than Anchorage for the parties and witnesses."

After the Commission reversed the Board's venue decision, an attorney entered an appearance on behalf of Monzulla and moved for reconsideration of the Commission's decision. He argued that the Commission did not have subject matter jurisdiction to consider the motion for extraordinary review and had misconstrued the case law in its discussion of the law of the case doctrine. The Commission declined to consider Monzulla's challenge to its subject matter jurisdiction because he had not raised it previously in the appeal and had not distinguished Commission precedent on the subject. But it ordered briefing on whether it had misconstrued our case law. Monzulla filed an appeal in this court related to the Commission's subject matter jurisdiction on October 2, 2009. On October 8, 2009, the parties filed a stipulation with the Commission dismissing Monzulla's motion for reconsideration; the Commission issued an order dismissing the motion for reconsideration and indicating that its decision dated August 6, 2009, was the final decision of the appeals commission. Monzulla appeals the Commission's exercise of jurisdiction over the motion for extraordinary review and its partial stay of the Board's venue order.

## III. STANDARD OF REVIEW

 In an appeal from the Alaska Workers' Compensation Appeals Commission, we review the Commission's decision rather than the Board's decision.[3] We apply our independent judgment to questions of law that do not involve agency expertise.[4]

---

2. The director filed a *Notice of Limited Intervention for Purposes of Supplementing the Record* with an attached affidavit on January 12, 2009, but did not participate further.

3. *Barrington v. Alaska Comm'ns Sys. Grp., Inc.*, 198 P.3d 1122, 1125 (Alaska 2008).

4. *Id.*

We likewise apply our independent judgment to questions of statutory interpretation.[5]

## IV. DISCUSSION

### A. Monzulla's Challenge To Subject Matter Jurisdiction Was Timely.

■ Monzulla contends that the Commission erred because it did not consider whether it had jurisdiction to hear interlocutory appeals. He asserts that his "failure to object to the Commission's lack of subject matter jurisdiction [before reconsideration] is immaterial."

The Commission refused to consider Monzulla's challenge to its subject matter jurisdiction because he did not raise it until he moved for reconsideration of its decision on the merits and had not established "that there [were] grounds to distinguish or overturn" *Eagle Hardware & Garden v. Ammi.*[6] The Commission stated that "AS 23.30.180(f) [did] not permit [Monzulla] to raise a legal issue for the first time on reconsideration, especially one that [was] not closely related to any points raised or decided in the appeal."

■ The question of subject matter jurisdiction can be raised at any time,[7] and a court can raise the issue of its subject matter jurisdiction sua sponte.[8] Therefore, we conclude that Monzulla's challenge was not untimely.[9] But any error was harmless, as set out below in Part IV.C.

### B. The Legislature Did Not Explicitly Grant Interlocutory Review Jurisdiction To The Commission.

Monzulla's appeal raises the question whether the Commission has jurisdiction to review interlocutory Board orders before the Board issues a final decision. He argues, based on the statutory language, that the legislature did not grant the Commission this power. Monzulla contends that the legislature "was aware of how to fashion broad extraordinary discretionary review power when it enacted the Commission's statutory powers and authority" but chose to limit the Commission's jurisdiction to review of final decisions. Because the legislature in AS 23.30.007(a) limited the Commission's jurisdiction to administrative appeals,[10] Monzulla insists that the legislature did not intend to give the Commission power to review non-final Board decisions.

Voorhees responds that the legislature directly granted jurisdiction over interlocutory appeals to the Commission. Voorhees asks us to interpret the statute, particularly AS 23.30.125(b)[11] and AS 23.30.128(b),[12] as giving the Commission authority to hear mo-

---

5. *Grimm v. Wagoner,* 77 P.3d 423, 427 (Alaska 2003).

6. AWCAC Dec. No. 003 (Feb. 21, 2006), *available at* http://labor.state.ak.us/WCcomm/orders.htm. In *Ammi,* the Commission decided that it had implied jurisdiction to review interlocutory Board orders before a final decision of the Board. *Id.* at 8–9.

7. *Nw. Med. Imaging, Inc. v. State, Dep't of Revenue,* 151 P.3d 434, 438 n. 5 (Alaska 2006) (citing *Hydaburg Coop. Ass'n v. Hydaburg Fisheries,* 925 P.2d 246, 248 (Alaska 1996)) (noting that challenge to agency jurisdiction was raised during second appeal to superior court).

8. *See Hydaburg Coop. Ass'n,* 925 P.2d at 248 (quoting *Burrell v. Burrell,* 696 P.2d 157, 162 (Alaska 1984)) (noting that subject matter jurisdiction must be raised by the court if noticed and not raised by one of the parties).

9. To the extent the Commission implied that Monzulla had to raise a subject matter jurisdiction challenge at a specific time, it erred.

10. AS 23.30.007(a) provides, in relevant part:

> The commission has jurisdiction to hear appeals from final decisions and orders of the board under this chapter. Jurisdiction of the commission is limited to administrative appeals arising under this chapter.

11. AS 23.30.125(b) states:

> Notwithstanding other provisions of law, a decision or order of the board is subject to review by the commission as provided in this chapter.

12. AS 23.30.128(b) states:

> The commission may review discretionary actions, findings of fact, and conclusions of law by the board in hearing, determining, or otherwise acting on a compensation claim or petition. The board's findings regarding the credibility of testimony of a witness before the board are binding on the commission. The board's findings of fact shall be upheld by the commission if supported by substantial evidence in light of the whole record. In reviewing questions of law and procedure, the

tions for extraordinary review. According to Voorhees, these statutory sections are meaningless unless construed as granting the Commission interlocutory appellate jurisdiction.

■ We interpret a statute "according to reason, practicality, and common sense, taking into account the plain meaning and purpose of the law as well as the intent of the drafters."[13] Our goal in interpreting a statute is "to give effect to the legislature's intent, with due regard for the meaning the statutory language conveys to others."[14] We construe a statute "in light of its purpose."[15]

■ In construing a statute, we look at the meaning of the words used and the legislative history.[16] "[W]e will presume 'that the legislature intended every word, sentence, or provision of a statute to have some purpose, force, and effect, and that no words or provisions are superfluous.'"[17] All sections of a statute should "be construed together so that all have meaning and no section conflicts with another."[18]

As noted, Voorhees argues that in AS 23.30.125(b) and AS 23.30.128(b) the legislature specifically granted the Commission jurisdiction to review interlocutory orders. According to Voorhees, these statutory subsections are meaningless unless they grant the Commission discretionary review jurisdiction. Voorhees contends that if they are not interpreted this way, they would be in conflict with AS 23.30.007(a) and AS 23.30.008(a).

The parties agree that "all sections of an act are to be construed together so that all have meaning and no section conflicts with another."[19] Voorhees contends that the statutory subsections at issue here—AS 23.30.007(a), AS 23.30.008(a), AS 23.30.125(b), and AS 23.30.128(b)—cannot be construed together unless they are read as a direct grant of interlocutory review jurisdiction to the Commission. We disagree.

The statutory subsections at issue here can be harmonized. Alaska Statute 23.30.007(a) is the express grant of jurisdiction to the Commission; its jurisdiction is "limited to administrative appeals." Alaska Statute 23.30.008(a) provides that the Commission's decisions are final and conclusive and have the force of precedent for the Commission and the Board; it expressly limits the Commission's jurisdiction to workers' compensation cases. Alaska Statute 23.30.125(b) clarifies that review of Board decisions is done by the Commission, not the superior court. Alaska Statute 23.30.128(b) sets out the Board actions the Commission can review and the standards of review for the Commission to apply.[20] Thus, nothing in the statutory language explicitly gives the Commission jurisdiction over discretionary review of nonfinal Board decisions.

## C. The Commission Has Implied Jurisdiction To Hear Interlocutory Appeals.

We next consider whether the Commission has implied jurisdiction to hear interlocutory

---

commission shall exercise its independent judgment.

**13.** *Grimm v. Wagoner*, 77 P.3d 423, 427 (quoting *Native Vill. of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999)).

**14.** *Muller v. BP Exploration (Alaska) Inc.*, 923 P.2d 783, 787 (Alaska 1996) (quoting *Tesoro Alaska Petroleum, Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 905 (Alaska 1987)).

**15.** *Beck v. State, Dep't of Transp. & Pub. Facilities*, 837 P.2d 105, 117 (Alaska 1992) (citing *Vail v. Coffman Eng'rs, Inc.*, 778 P.2d 211 (Alaska 1989)).

**16.** *Alaskans for a Common Language v. Kritz*, 170 P.3d 183, 192 (Alaska 2007) (citing *State v. Alex*, 646 P.2d 203, 208 n. 4 (Alaska 1982)).

**17.** *Mech. Contractors of Alaska, Inc. v. State, Dep't of Pub. Safety*, 91 P.3d 240, 248 (Alaska 2004) (quoting *Kodiak Island Borough v. Exxon Corp.*, 991 P.2d 757, 761 (Alaska 1999)).

**18.** *In re Hutchinson's Estate*, 577 P.2d 1074, 1075 (Alaska 1978).

**19.** *Id.*

**20.** Because we agree with Monzulla that the statutory sections can be harmonized, we do not need to consider whether one section is more specific. *Nat'l Bank of Alaska v. State, Dep't of Revenue*, 642 P.2d 811, 817–18 (Alaska 1982) (quoting *State, Dep't of Highways v. Green*, 586 P.2d 595, 602 (Alaska 1978)).

appeals. We have previously held that the Board has implied powers. In *Wausau Insurance Cos. v. Van Biene* we decided that the Board had implied jurisdiction to apply equitable principles, such as estoppel, in workers' compensation proceedings.[21] And we decided that the Board had implied jurisdiction to set aside a compromise and release agreement because of fraud in *Blanas v. Brower*.[22] In both instances we determined that the implied power was necessarily incident to the Board's express powers.[23]

In deciding whether an administrative agency has properly exercised an implied power, other courts have considered whether the implied power is consistent with the legislature's objectives in granting powers to the administrative agency,[24] the nature of the administrative proceeding,[25] and "whether the circumstances, in relation to the type of proceeding, require the agency to exercise its implied and incidental powers."[26]

■■ Applying these principles here, we hold that the Commission has implied jurisdiction to review interlocutory Board orders. The Commission "performs a quasi-judicial function that is akin to appellate review."[27] In some circumstances, delay of review until a final decision on the merits can make review pointless. This case is one example: Review of an improper refusal to change venue is pointless after a final decision on the merits when there may be no further proceedings. Similarly, if the Board improperly required an employee to undergo a psychiatric examination, a delay in review could subject the employee to an intrusive and unnecessary examination.[28] Discretionary appellate review of non-final orders may at times be necessary to ensure fundamental fairness to the parties.

■■ The goal of the statutory amendment that established the Commission was "to increase the efficiency and flexibility of the current system ... and reduce some of its costs."[29] The legislation eliminated superior court review of workers' compensation cases and substituted review by the Commission.[30] Creation of the Commission was intended "to provide 'consistent, legally precedential decisions in an expeditious manner.' "[31]

Discretionary review jurisdiction in the Commission can further all of these goals: increasing efficiency, providing precedential decisions from a body with expertise in workers' compensation, and reducing costs in workers' compensation appeals. Discretionary review can speed the ultimate resolution of a case when review concerns a controlling legal issue.[32] In this case, the ultimate decision on the merits may have been delayed,[33] but we agree with Voorhees that the venue question was one which would evade mean-

21. 847 P.2d 584, 588 (Alaska 1993).

22. 938 P.2d 1056, 1061–62 (Alaska 1997).

23. *Id.; Van Biene*, 847 P.2d at 588.

24. *Unite Here! Local 5 v. City & Cnty. of Honolulu*, 123 Hawai'i 150, 231 P.3d 423, 449 (2010).

25. *Hawes v. Colo. Div. of Ins.*, 65 P.3d 1008, 1017–18 (Colo.2003) (en banc) (holding that the legislature had established a type of cy pres proceeding so that Division of Insurance had implied authority to award common fund attorney's fees).

26. *Id.*

27. *Alaska Pub. Interest Research Grp. v. State*, 167 P.3d 27, 36 (Alaska 2007).

28. *Cf. BP Exploration Alaska, Inc. v. Stefano*, AWCAC Dec. No. 76 (Alaska 2008) (denying extraordinary review of protective order preventing employer from compelling employee to attend psychiatric medical evaluation).

29. 2005 Senate Journal 465.

30. *Alaska Pub. Interest Research Grp.*, 167 P.3d at 37, 40.

31. *Id.* at 39 (quoting 2005 Senate Journal 465).

32. *Cf. Thurston v. Guys With Tools, Ltd.*, 217 P.3d 824, 825 (Alaska 2009) (granting review to ensure that proper legal standard was applied on remand).

33. The Board hearing in Fairbanks on the merits of the claim was scheduled for November 14, 2008. The Commission issued its decision reversing the Board on August 6, 2009. The Board issued its final decision and order on reconsideration in the case on December 7, 2010. *Monzulla v. Voorhees Concrete Cutting*, AWCB Dec. No. 10–0200 (Dec. 7, 2010).

ingful review without interlocutory appellate jurisdiction.

We have already noted that, in creating the Commission, the legislature intended to replace review by the superior court with review by the Commission. We agree with Voorhees that the legislature wanted those seeking review of Board decisions to have the same procedural rights of review that they had in the superior court. We recognize, as Monzulla argues, that the discretionary review previously available in the superior court has a different origin [34] than the Commission's authority to hear interlocutory appeals, but nothing in the legislative history indicates that the legislature wanted employers or employees to have fewer rights of review before the Commission than before the superior court. We conclude that the Commission had implied jurisdiction to grant discretionary review of the venue decision.[35]

### D. The Commission Had Authority To Stay The Board's Decision.

■■■■ Monzulla argues separately that the Commission was without jurisdiction to stay the Board's decision because the workers' compensation statute and the Commission's regulations only permit stays of "compensation orders," which are a limited class of Board orders. Voorhees does not address this argument separately.

The only provision of the Alaska Workers' Compensation Act related to stays by the Commission is AS 23.30.125(c), which states:

> If a compensation order is not in accordance with law or fact, the order may be suspended or set aside, in whole or in part, through proceedings in the commission brought by a party in interest against all other parties to the proceedings before the board. The payment of the amounts required by an award may not be stayed pending a final decision in the proceeding

unless, upon application for a stay, the commission, on hearing, after not less than three days' notice to the parties in interest, allows the stay of payment in whole or in part, where the party filing the application would otherwise suffer irreparable damage. Continuing future periodic compensation payments may not be stayed without a showing by the appellant of irreparable damage and the existence of the probability of the merits of the appeal being decided adversely to the recipient of the compensation payments. The order of the commission allowing a stay must contain a specific finding, based upon evidence submitted to the commission and identified by reference to the evidence, that irreparable damage would result to the party applying for a stay and specifying the nature of the damage.

Monzulla does not dispute that the legislature gave the Commission some power to stay Board decisions; he argues that because a compensation order refers only to a Board order denying a claim or making an award of compensation,[36] the statute permits the Commission to stay only compensation orders, not other Board decisions.

■■■■ Given the purposes of the legislation, we do not think that the legislature intended the Commission's power to issue stays to be confined to compensation orders. The statutory language does not expressly limit stays to compensation orders nor does it prohibit stays of other Board orders. The statute sets out the standards the Commission must apply when a party seeks to stay a monetary award from the Board.[37] Although "[t]here is a presumption that the same words used twice in the same act have the same meaning," [38] the legislature appears not to have distinguished compensation orders from other decisions in the legislation establishing the Commission. Alaska Statute 23.30.127, which sets out deadlines for appeals and

---

**34.** *See* AS 22.10.020(d); AS 23.30.129; Alaska R.App. P. 610.

**35.** Monzulla did not appeal the merits of the Commission's venue decision or its application of the law of the case doctrine to his case, so we express no opinion on these issues.

**36.** AS 23.30.110(e).

**37.** AS 23.30.125(c).

**38.** *Jonathan v. Doyon Drilling, Inc.*, 890 P.2d 1121, 1123 (Alaska 1995) (quoting *Kulawik v. ERA Jet Alaska*, 820 P.2d 627, 634 (Alaska 1991)).

cross-appeals to the Commission, uses the term "compensation order" when referring to the time for filing an appeal [39] and "decision" when referring to the time for filing a cross-appeal.[40]

In addition, without authority to stay Board decisions while review is pending, the Commission's discretionary review jurisdiction would be meaningless. If the Commission could not stay a Board order while it reviewed the order, issues could become moot while review was pending.

## V. CONCLUSION

Because discretionary review of non-final Board orders is necessarily incident to the Commission's express power to hear appeals from final Board decisions, we AFFIRM the Commission's decision that it had jurisdiction to stay and review the Board's venue decision in this case.

---

**39.** AS 23.30.127(a).

**40.** AS 23.30.127(c).