*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, DIVISION OF WORKERS' COMPENSATION, | ) ) ) ) | Supreme Court No. S-15166 |
| Petitioner, | ) ) | Alaska Workers' Compensation Appeals Commission No. 11-011 |
| v. | ) ) | O P I N I O N |
| TITAN ENTERPRISES, LLC; TITAN TOPSOIL, INC.; CCO ENTERPRISES; and TODD CHRISTIANSON, | ) ) ) ) ) | No. 6972 – November 28, 2014 |
| Respondents. | ) ) | |

Petition for Review from the Alaska Workers' Compensation Appeals Commission, Laurence Keyes, Chair.

Appearances: Aesha Pallesen, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Petitioner. David A. Nesbett, Nesbett & Nesbett, PC, Anchorage, for Respondents.

Before: Fabe, Chief Justice, Winfree, Stowers, and Bolger, Justices. [Maassen, Justice, not participating.]

FABE, Chief Justice.

## I.    INTRODUCTION

The Alaska Workers' Compensation Board fined an uninsured employer a substantial amount because the employer had since 2005 operated for a significant

period of time without carrying statutorily required workers' compensation insurance. This was not the employer's first failure to carry the required insurance. On appeal, the Alaska Workers' Compensation Appeals Commission affirmed part of the Board's decision, but it reversed the Board on the amount of the fine and remanded the case to the Board for further proceedings. The employer then asked the Commission for an award of attorney's fees as a successful party on appeal. The State, Division of Workers' Compensation, which had initiated the Board proceedings, opposed the award on the basis that it, too, had been successful on a significant issue. The Commission awarded the employer full fees of approximately $50,000. The Division petitioned for review of the fee award, and we granted review. Because the Commission failed to consider the Division's partial success in the appeal, we reverse the Commission's decision and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

Todd Christianson is the sole owner of several businesses, including the three involved in this proceeding: Titan Enterprises, LLC; Titan Topsoil, Inc.; and CCO Enterprises, LLC.[1] At various times Titan has failed to carry workers' compensation insurance, in violation of Alaska law. According to the Board's decision in this case, Titan had at least one employee injury when it was uncovered, and Christianson paid out of pocket for that injury. The Board found that Christianson and his businesses had "a long history" of work-related injuries, with 13 reported injuries; the most serious was a leg amputation, which happened when the business was insured.

Alaska Statute 23.30.075(a) requires an employer to either buy workers' compensation insurance or provide proof that it is capable of self-insurance for workers'

---

[1]    We refer to the respondents as "Titan" unless the context requires otherwise.

compensation claims. Failure to maintain workers' compensation insurance may subject an employer to criminal penalties.[2] In addition, beginning in 2005,[3] the legislature gave the Division of Workers' Compensation the authority to investigate employers without the required coverage and to initiate proceedings before the Board to fine these employers.[4] Alaska Statute 23.30.080(f) permits the Board "to assess a civil penalty of up to $1,000 for each employee for each day an employee is employed" while an employer is uninsured. The money generated by any fines is deposited in the Workers' Compensation Benefits Guaranty Fund,[5] created in 2005;[6] when money is available, the Fund pays the claims of injured workers whose employers do not have compensation coverage.[7]

The Division began proceedings against Titan in 2008 for failing to carry workers' compensation insurance and failing to provide proof of workers' compensation liability coverage. Titan came to the Division's attention when "a routine records check" showed that Christianson's companies' insurance policies had been cancelled in March 2006, "for nonpayment of premium." The records also showed Titan had not obtained a new policy until October 2007; that policy was cancelled in early January 2008. Christianson paid out of pocket for an uncovered injury to a worker

---

[2] *See* AS 23.30.075(b) (permitting imposition of fine and term of imprisonment for up to one year "upon conviction").

[3] Ch. 10, § 30, FSSLA 2005.

[4] AS 23.30.080(e)-(f).

[5] AS 23.30.082(a).

[6] Ch. 10, § 31, FSSLA 2005.

[7] AS 23.30.082(a), (c).

in 2006. The Division investigated Titan at that time but closed its file without requesting a Board hearing.

The Board held two hearings on the Division's petition. Neither party was represented by counsel before the Board: Christianson represented himself and his companies, and Christine Christensen, an investigator, represented the Division. The parties presented conflicting evidence about the length of Titan's lapses in coverage and the reasons for them. They also disputed the extent to which Christianson observed corporate formalities and kept the corporations separate. The Division contended that a number of aggravating factors in its regulation applied to the case.[8]

The Board found that Titan was an uninsured employer for 563 calendar days after 2005. The Board looked at Titan's history of workers' compensation coverage problems and Christianson's appearance before the Board in 2002 for failing to insure when he was doing business as another corporation. The Board found that Christianson's businesses had been involved in 13 injuries, including "a leg amputation, upper and lower extremity injuries, and back injuries." The Board also noted the uninsured injury in 2006. Using data from the Employment Security Division, the Board found Christianson had "utilized 6,399 uninsured employee workdays after November 7, 2005" and had "purchased a single workers' compensation insurance policy for several different business entities." It summarized facts related to the use and purchase of CCO, an employee leasing company, including the fact that CCO's only client was Titan. The

---

[8]     A regulation effective in February 2010 sets out 15 aggravating factors the Board should consider when setting the amount of a fine. 8 Alaska Administrative Code (AAC) 45.176(d) (2011). Possible fines vary depending on the number of aggravating factors, with higher penalties imposed for a larger number of aggravating factors. 8 AAC 45.176(a)(2)-(6).

Board pierced the corporate veil and found Christianson individually liable, jointly and severally, with his companies.

Noting that Christianson had previously been before the Board for failing to have insurance, the Board found that he had a "blatant disregard for the law" and had "gamed the workers' compensation system in attempts to avoid paying fully for coverage." The Board acknowledged that its regulation about uninsured employers did not apply because the regulation became effective only after the coverage lapses, but the Board nonetheless used the factors as a guide in assessing a penalty. The Board decided that had the regulation applied, Titan's conduct would have justified nine aggravating factors and no mitigating factors,[9] resulting in a minimum penalty of $500 per uninsured employee workday and a maximum of $999 per uninsured employee workday. The Board fined Titan $999 per employee workday for the period it was uninsured, resulting in a fine of more than $6 million.

Titan appealed to the Commission, appealing both the size of the fine and the Board's decision to pierce the corporate veil. Titan also argued that the Board violated Titan's due process rights by "refusing to allow [it] additional time to hire representative legal counsel prior to the Board hearing." The Division responded that the fine was not excessive given the facts of the case and that piercing the corporate veil was appropriate in the case.

The Commission affirmed the Board's decision to pierce the corporate veil and hold Christianson liable individually. But the Commission decided that the Board had abused its discretion when setting the penalty, calling the fine "a shocking amount."

---

[9] 8 AAC 45.176 does not set out mitigating factors, but a Commission decision predating the regulation mentions them. *See Alaska R & C Commc'ns, LLC v. State, Div. of Workers' Comp.*, AWCAC Dec. No. 088 at 23, 25-26 (Sept. 16, 2008), *available at* http://labor.state.ak.us/WCcomm/memos-finals/D_088.pdf.

The Commission reversed part of the basis for the Board's fine, including its finding on the time periods when Christianson's businesses were uncovered, and remanded to the Board for additional findings about the liability of Christianson's various corporate entities. According to the Commission, the Division "conceded that two of the aggravating factors" were not supported by the evidence, and Christianson conceded "at least initially" that five of the aggravating factors were supported by the evidence. The Commission also remanded for the Board to "hear evidence on any disputed aggravating factors."

Titan then requested attorney's fees as the successful party on appeal, contending that under *Lewis-Walunga v. Municipality of Anchorage*[10] it was entitled to an award of full fees ($50,925) because it had won a significant issue on appeal. Titan justified the amount of fees in part because "[a]ppellants consisted of three business entities and one person, which necessitated legal analysis and counsel individual to each entity" and because "the law involving piercing the corporate veil . . . required intensive and expansive legal research."

The Division responded that both parties were partially successful in the appeal, since it had won the veil-piercing issue, and asserted that no fee award was warranted. The Division argued in the alternative that Commission precedent required the Commission to reduce the amount of fees from the full amount because Titan had not won all issues on appeal. Finally, it maintained that full fees should not be awarded to Titan because "the public policy concern of securing competent counsel for injured workers" was "not implicated in this case."

The Commission decided that Titan qualified for an award of fees. Before setting out its legal analysis, the Commission "point[ed] out . . . that Christianson's

_____

[10]     249 P.3d 1063 (Alaska 2011).

conduct entailed deliberate wrongdoing." It first stated that neither the statute nor the Commission's regulations "discriminate between claimants and other parties to an appeal, as far as eligibility for attorney fee awards is concerned." It then decided that Christianson should be considered a "successful party" under *Lewis-Walunga* because he had "prevailed on at least two issues that were significant." The Commission wrote that it took "a dim view of Christianson's conduct," but it felt "constrained by [AS 23.30.008(d)] to award Titan 'fully compensatory and reasonable' attorney fees, and costs." It awarded all of the requested fees, as well as costs. The Commission discussed none of the Division's arguments.

The Division petitioned for review, which we granted on two questions: (1) whether a successful party who is not a workers' compensation claimant should be awarded attorney's fees under AS 23.30.008(d) and (2) how attorney's fees should be awarded under AS 23.30.008(d) consistent with our holding in *Lewis-Walunga* if more than one party prevails on a significant issue in the appeal.

## III.   STANDARD OF REVIEW

We apply our independent judgment to questions of law that do not involve agency expertise.[11] Interpretation of a statute is a question of law to which we apply our independent judgment; we interpret the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose.[12]

---

[11]    *Id.* at 1066 (citation omitted).

[12]    *Monzulla v. Voorhees Concrete Cutting*, 254 P.3d 341, 345 (Alaska 2011) (citations omitted).

## IV. DISCUSSION

### A. A Successful Party Should Be Awarded Attorney's Fees Even When The Party Is Not A Workers' Compensation Claimant.

Alaska Statute 23.30.008(d) provides in part, "[i]n an appeal, the commission shall award a successful party reasonable costs and, if the party is represented by an attorney, attorney fees that the commission determines to be fully compensatory and reasonable." Subsection (d) shields injured workers from having to pay fees unless their appeal is frivolous, unreasonable, or brought in bad faith.[13] We have construed AS 23.30.008(d) three times, once considering whether an appeal was frivolous[14] and twice considering whether a claimant was a "successful party" entitled to an award of attorney's fees.[15] In *Lewis-Walunga v. Municipality of Anchorage*, we held "that a *claimant* is a successful party in an appeal to the Commission when the claimant prevails on a significant issue on appeal."[16] Here we must decide whether a litigant who is not a claimant can be awarded attorney's fees and costs for an appeal to the Commission. We hold that litigants other than claimants are entitled to attorney's fees and costs in a Commission appeal.

We apply a sliding-scale approach to statutory interpretation: We consider the plain meaning of the statutory language, but we also look at the legislative history

---

[13]     AS 23.30.008(d).

[14]     *Shehata v. Salvation Army*, 225 P.3d 1106, 1119-20 (Alaska 2010).

[15]     *Humphrey v. Lowe's Home Improvement Warehouse, Inc.*, ___ P.3d ___, Op. No. 6960, 2014 WL 5305861 (Alaska Oct. 16, 2014); *Lewis-Walunga*, 249 P.3d at 1068-69.

[16]     249 P.3d at 1068 (emphasis added).

because "legislative history can sometimes alter a statute's literal terms."[17] "The plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be."[18] We construe all sections of an act together.[19]

As we observed in *Lewis-Walunga*, there is very little legislative history about AS 23.30.008(d), and what little there is suggests an intent for the Commission to award attorney's fees in a manner similar to appellate attorney's fee awards in the courts.[20] But there is a critical difference in the statutory language and our practice in awarding appellate attorney's fee awards: While the legislature continued to shield injured workers from fee awards — as do the appellate rules — it directed the Commission to award attorney's fees to a successful *party*, not just to a successful claimant.[21] The legislature also did not limit fee awards by the Commission to those fees "rendered in respect to a claim"[22] or "in the successful prosecution of [a] claim."[23] The

---

[17]     *Bartley v. State, Dep't of Admin., Teacher's Ret. Bd.*, 110 P.3d 1254, 1258 (Alaska 2005).

[18]     *Muller v. BP Exploration (Alaska) Inc.*, 923 P.2d 783, 788 (Alaska 1996) (citation omitted).

[19]     *Monzulla v. Voorhees Concrete Cutting*, 254 P.3d 341, 345 (Alaska 2011).

[20]     *Lewis-Walunga*, 249 P.3d at 1067 (quoting STATE OF ALASKA, DEP'T OF LAW, SECTION BY SECTION ANALYSIS OF SB 130 at 7 (Mar. 3, 2005)).

[21]     *Compare* AS 23.30.008(d), *with* Alaska R. App. P. 508(g).

[22]     *See* AS 23.30.145(a) (authorizing attorney's fee awards by the Board when claim has been controverted).

[23]     *See* AS 23.30.145(b) (authorizing attorney's fee awards by the Board when employer "otherwise resists" payment of compensation).

definition of "party" in *Black's Law Dictionary* includes both plaintiffs and defendants.[24] Absent any related statutory provisions or contrary legislative history that might alter the statute's meaning, we construe AS 23.30.008(d) according to its plain language and hold that non-claimants are entitled to fees that are fully compensatory and reasonable[25] when they are a successful party in an appeal to the Commission, with the exception that non-claimants are not entitled to an award of fees against an injured worker unless the worker's position on appeal "was frivolous or unreasonable or the appeal was taken in bad faith."[26]

The Division asks us to construe the statute to prohibit awards of full fees in cases like this one, where the Board has fined an employer for failing to insure, because such fee awards contravene the statute's purpose of protecting injured workers and do not accomplish the goal of ensuring that competent counsel are available to injured workers. The Division also contends that the legislature likely did not consider a situation like this one when it wrote subsection .008(d). Titan responds by emphasizing the statutory language.

We do not rewrite statutes even when the legislative history suggests that the legislature may have made a mistake in drafting,[27] but here, there is no indication the

---

[24] BLACK'S LAW DICTIONARY 1297 (10th ed. 2014). In contrast, a claimant is "[o]ne who asserts a right or demand." *Id.* at 302.

[25] We consider the phrase "fully compensatory and reasonable" to mean full reasonable fees. The Commission may consider the reasonableness of the fees requested when making an award under AS 23.30.008(d); it need not feel constrained to award the full amount of fees requested in every case. We have determined at times that the requested fee was not reasonable and awarded a smaller amount.

[26] AS 23.30.008(d).

[27] *See State, Dep't of Commerce, Cmty. & Econ. Dev., Div. of Ins. v. Alyeska* (continued...)

-10-

legislature made such a mistake. Even if the Division is correct that the legislature did not envision the possibility of an attorney's fee award to an employer who is subject to a fine for failing to insure, "[t]he Division's remedy lies with the legislature, not this court."[28] We thus agree with the Commission that attorney's fees in appeals to the Commission are not restricted to claimants.

**B. When Two Non-Claimant Parties Are Both Successful On A Significant Issue On Appeal, The Commission Must Consider The Success Of Both Parties In Making A Fee Award.**

Although we have previously interpreted AS 23.30.008(d), we have not had occasion to consider how fees should be awarded under this statute when two non-claimants both enjoy partial success before the Commission. In *Lewis-Walunga*, a claimant succeeded on the sole issue presented on appeal to the Commission, the Board's award of attorney's fees.[29] The Commission vacated the Board's fee award and remanded for further proceedings.[30] In spite of the claimant's success in obtaining a remand to the Board, the Commission refused to award attorney's fees to the claimant because, in its view, she had not gotten the specific relief she requested.[31] We reversed, holding that a claimant who succeeds on a significant issue on appeal is entitled to an award of fees and that the appellant there was a successful party.[32]

---

[27]    (...continued)
*Pipeline Serv. Co.*, 262 P.3d 593, 597-98 (Alaska 2011) (citation omitted).

[28]    *Id.* at 598 (citation omitted).

[29]    249 P.3d 1063, 1066 (Alaska 2011).

[30]    *Id.*

[31]    *Id.*

[32]    *Id.* at 1068-70.

Similarly, in *Humphrey v. Lowe's Home Improvement Warehouse, Inc.* we reversed the Commission's denial of attorney's fees to a claimant who had partial success on appeal.[33] There the Commission vacated the Board's attorney's fee award to the claimant but affirmed the Board's decision that the claimant was not entitled to temporary total disability benefits for a specific period of time.[34] When the claimant asked the Commission to award him attorney's fees for the appeal, the Commission denied his motion, deciding he was not a successful party and thus not entitled to any fees for the appeal.[35] We reversed the Commission's decision about attorney's fees, holding that "a claimant who prevails on '*a* significant issue' on appeal is a successful party."[36] Disregarding the partial success of the employer in *Humphrey* is consistent with the statute's language, which shields an injured worker from having to pay fees unless his "position on appeal was frivolous or unreasonable or the appeal was taken in bad faith."[37]

But AS 23.20.008(d) has no corresponding shield for non-claimants who lose a significant issue in a Commission appeal. As a result, even though one non-claimant can get an attorney's fee award in an appeal when it litigates against another non-claimant, there is no reason to disregard the success of the other non-claimant in the event that both non-claimants are successful on a significant issue. In this

---

[33] ___ P.3d ____, Op. No. 6960 at 17, 2014 WL 5305861 at *7 (Alaska Oct. 16, 2014).

[34] *Id.* at 6.

[35] *Id.*

[36] *Id.* at 15 (emphasis in original) (citing *Lewis-Walunga*, 249 P.3d at 1068).

[37] AS 23.30.008(d).

case, there is no dispute that the Division was successful on the veil-piercing issue.[38] As the Division points out, by creating precedent permitting the Board to pierce the corporate veil, the Commission enhanced the Division's ability to pursue enforcement actions when someone abuses the corporate form. At oral argument before us, Titan agreed that piercing the corporate veil was a significant issue, admitting that Christianson is not able to discharge the debt in a personal bankruptcy even if the corporations might be able to do so.[39] We therefore hold that the Commission erred in disregarding the Division's success on the veil-piercing issue, a significant issue in the appeal, when it awarded full attorney's fees to Titan.

If two non-claimants both succeed on significant issues in an appeal, the Commission must weigh the success of both parties when it considers a motion for attorney's fees. The Commission may take one of two approaches in evaluating this type of fee request. The Commission may decide that neither party can truly be deemed a successful party, just as a trial court in applying Alaska Civil Rule 82 does not abuse its discretion when it decides that neither party can be characterized as the prevailing party.[40] In such a case, the Commission can opt not to award fees: "We have found 'no abuse of discretion in the superior court declaring the case a "wash" and ordering each

---

[38]     In addition to the Division's success on the veil-piercing issue, Titan conceded a number of aggravating factors in the appeal, just as the Division conceded that some aggravating factors were not supported.

[39]     When questioned at oral argument before us, neither party was certain whether the companies could discharge this type of debt in bankruptcy.

[40]     *See Schultz v. Wells Fargo Bank, N.A.*, 301 P.3d 1237, 1242 (Alaska 2013) (quoting *Chambers v. Scofield*, 247 P.3d 982, 989 (Alaska 2011)).

party to bear [its] own costs and fees.' "[41]  Alternatively, the Commission can consider the amount of fees incurred by both parties, as well as the parties' relative success in the appeal, and offset the competing fee awards to the parties to arrive at the final award of attorney's fees in the case.

Treating non-claimants differently from claimants follows from the language of AS 23.30.008(d) as well as other sections of the statute:  The Alaska Workers' Compensation Act restricts the manner in which fees can be paid to claimants' attorneys.  Attorneys are prohibited from receiving fees for representing claimants unless the Board awards them fees when claimants are successful.[42]  In addition claimants' attorneys were until 2005 subject to criminal sanctions if they accepted any fee that was not Board ordered.[43]  In 2005 the legislature amended the statute to permit an attorney licensed in Alaska to accept "a one-time-only charge" of $300 from a claimant for providing legal services so long as the attorney does not enter an appearance for the claimant.[44]  The policy that counsel for injured workers are entitled to fully compensable and reasonable fees is grounded in the restrictions the legislature places on fees attorneys

---

[41]     *Id.* (alteration in original) (quoting *Pavone v. Pavone*, 860 P.2d 1228, 1233 (Alaska 1993)).

[42]     AS 23.30.145(a)-(b), .260(a).  *See also Hulsey v. Johnson & Holen*, 814 P.2d 327, 328 (Alaska 1991) (reversing small claims judgment for attorneys who had tried to reopen workers' compensation claim because the fee was "in respect to a claim" and had not been approved by Board); *McShea v. State, Dep't of Labor*, 685 P.2d 1242, 1246 (Alaska 1984) (quoting Board for proposition that AS 23.30.260 shows intent for Board to approve fees); *Rose v. Alaskan Village, Inc.*, 412 P.2d 503, 508-09 (Alaska 1966) (noting that statute makes it a crime to receive a fee that has not been approved by Board).

[43]     Former AS 23.30.260 (2004).

[44]     AS 23.30.260(b).

may charge for representing injured workers.[45]  As we observed in *Wise Mechanical Contractors v. Bignell*, "If an attorney who represents claimants makes nothing on his unsuccessful cases and no more than a normal hourly fee in his successful cases, he is in a poor business.  He would be better off moving to the defense side of the compensation hearing room where attorneys receive an hourly fee, win or lose . . . ."[46]  We reaffirmed this principle in *State, Department of Revenue v. Cowgill*, again observing that "employers' attorneys are paid whether they win or lose, while employees' attorney's fees are, by statute, contingent upon success."[47]  Given the continuing restrictions on fee arrangements available to claimants' attorneys, the statutory restriction on fee awards against injured workers in appeals to the Commission, and the continuing need for competent counsel to represent injured workers, AS 23.30.008(d) necessitates awards of "fully compensatory and reasonable" fees to claimants when they prevail on a significant issue, even when the employer also has partial success on appeal.  Because there are no similar restrictions on the fee arrangements of attorneys who represent employers, and because the legislature did not shield non-claimants from fee awards in any situation, the Commission must consider the relative success of all non-claimant parties in deciding a motion for attorney's fees in appeals involving only non-claimants.

---

[45]     *Wise Mech. Contractors v. Bignell*, 718 P.2d 971, 972-73 (Alaska 1986) (citing *Wien Air Alaska v. Arant*, 592 P.2d 352, 365-66 (Alaska 1979), *overruled on other grounds by Fairbanks N. Star Borough Sch. Dist. v. Crider*, 736 P.2d 770, 775 (Alaska 1987)).

[46]     *Id.* at 975.

[47]     115 P.3d 522, 525 (Alaska 2005) (citation omitted).

## V. CONCLUSION

We REVERSE the Commission's decision that Titan was the successful party on appeal and REMAND to the Commission for further proceedings consistent with this opinion.