NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| ERIC SCOTT PENETAC,<br><br>Appellant,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>Appellee. | Court of Appeals No. A-12804<br>Trial Court No. 3AN-16-4699 CR<br><br>O P I N I O N<br><br>No. 2631 — January 11, 2019 |

Appeal from the District Court, Third Judicial District, Anchorage, Douglas Kossler, Judge.

Appearances: Shaul L. Goldberg, Denali Law Group, Anchorage, for the Appellant. Sarah E. Stanley, Assistant Municipal Prosecutor, and William D. Falsey, Municipal Attorney, Anchorage, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

Following a jury trial, Eric Scott Penetac was found guilty of two counts of child neglect under the Anchorage Municipal Code (AMC).[1] The two counts were merged at sentencing, for a single municipal class A misdemeanor conviction. Penetac

---

[1] *See* AMC 08.10.040.B.3 and AMC 08.10.040.B.7.

was subsequently sentenced to 365 days in jail with 290 days suspended (75 days to serve).

On appeal, Penetac argues that his sentence is illegal because it exceeds the 30-day presumptive maximum sentence that he would likely have faced if he had been convicted of a class A misdemeanor under state law. According to Penetac, the more lenient law that governs sentencing for state misdemeanors (specifically, AS 12.55.135) preempts any inconsistent municipal sentencing law. Penetac also argues that the Municipality's own code (specifically, AMC 08.05.020.E) provides that all sentencing under the municipal code is governed by AS 12.55. Lastly, Penetac argues that failure to apply the state sentencing scheme to municipal offenders violates the Equal Protection Clause of the Alaska Constitution.[2]

For the reasons explained here, we reject these arguments and affirm Penetac's sentence.

*Why we conclude that AS 12.55.135 does not control Penetac's sentencing*

Penetac was convicted of child neglect under the Anchorage Municipal Code. The municipal code classifies child neglect as a class A misdemeanor,[3] and the code authorizes sentences of up to one year in jail for all municipal class A misdemeanors.[4] In contrast, AS 12.55.135, the Alaska statute setting out the permissible sentences for state misdemeanors, limits sentences for most state class A misdemeanors to 30 days unless certain circumstances (not present here) are demonstrated.[5]

---

[2] Alaska Const. art. I, § 1.

[3] AMC 08.10.040.D.

[4] AMC 08.05.020.H.1.

[5] *See* AS 12.55.135(a)(1), (2).

On appeal, Penetac argues that, in light of this difference between the state sentencing provision and the municipal code, the district court was required to sentence him under the more lenient state sentencing law.

Penetac's argument is based on a misunderstanding of the interaction between municipal codes and state law under the Alaska Constitution's "home rule" provision.[6] As a home rule city, Anchorage is granted relatively broad powers; the state constitution declares that "[a] home rule borough or city may exercise all legislative powers not prohibited by law or by charter."[7]

When a home rule municipal ordinance is challenged as invalid under state law, we apply the test set out by the Alaska Supreme Court more than forty years ago in *Jefferson v. State*:

> A municipal ordinance is not necessarily invalid in Alaska because it is inconsistent or in conflict with a state statute. The question rests on whether the exercise of authority has been prohibited to municipalities. The prohibition must be either by express terms or by implication such as where the statute and ordinance are so substantially irreconcilable that one cannot be given its substantive effect if the other is to be accorded the weight of law.[8]

Thus, the fact that the penalties for offenses designated "class A misdemeanors" under the municipal code may be inconsistent with the penalties for some offenses designated as "class A misdemeanors" under state law does not, by itself, render the municipal penalties unlawful.[9]

---

[6]  Alaska Const. art. X, § 11.

[7]  *Id.*

[8]  *Jefferson v. State*, 527 P.2d 37, 43 (Alaska 1974).

[9]  *See id.*

We note that there is, in fact, a statute — AS 29.25.070(g) — that prohibits municipalities (including home rule municipalities) from imposing a greater punishment for a municipal offense if there is a "comparable state offense under AS 11 or AS 28 with elements that are similar to the municipal ordinance."[10]  But Penetac does not argue that there is a state crime comparable to the Anchorage municipal offense of child neglect. In the absence of any such showing, we reject Penetac's argument that AS 12.55.135 controls his sentence as a matter of state law.

*Why we reject Penetac's interpretation of AMC 08.05.020.E*

Penetac also argues that even if AS 12.55.135 does not control his sentencing as a matter of state law, the Municipality of Anchorage's own code explicitly incorporates AS 12.55 into its sentencing scheme.  Thus, according to Penetac, AS 12.55.135 controls Penetac's sentence as a matter of municipal law.  In support of this claim, Penetac points to AMC 08.05.020.E, which provides:

> E. Except as provided in subsection D. of this section, for a class A or class B misdemeanor, the court in the interest of justice may suspend part or all of a sentence imposed or suspend imposition of sentence and place the defendant on probation. *In sentencing under this Code, the provisions of AS 12.55 shall apply.*  This subsection is not applicable to minor offenses. (Emphasis added.)

Penetac contends that the second sentence of this provision — "In sentencing under this Code, the provisions of AS 12.55 shall apply" — means that AS 12.55 controls *all* sentencing for municipal offenses that are not minor offenses.  If we were to read this sentence literally and out of context, we would be forced to agree with this interpretation.

---

[10]  SLA 2016, ch. 36, § 113.

But we are "obliged to avoid construing statutes in a way that leads to patently absurd results or to defeat of the obvious legislative purpose behind the statute."[11] Penetac's interpretation of AMC 08.05.020.E violates this principle because it would render the rest of AMC 08.05.020, which sets out the municipal sentencing scheme in some detail, largely superfluous.[12]

There is also nothing in the relevant legislative history to support Penetac's interpretation. Prior to 1982, former AMC 08.05.020.E[13] stated:

> E. Except as provided in subsection D of this ordinance, the court in the interest of justice may suspend part or all of a sentence imposed or suspend imposition of sentence, and place the defendant on probation. *In those cases in which probation is authorized under this code, the provisions of AS 12.55.080, AS 12.55.085, 12.55.090, 12.55.100 and 12.55.110 shall apply, except that no person may be placed on probation under this code for a period of more than one year.* (Emphasis added.)[14]

In 1982, this last sentence was changed to the current version — "In sentencing under this Code, the provisions of AS 12.55 shall apply."[15] There was no significant legislative discussion of this change. However, the accompanying Assembly

---

[11]   *Williams v. State*, 853 P.2d 537, 538 (Alaska App. 1993).

[12]   *See State v. Fyfe*, 370 P.3d 1092, 1099 (Alaska 2016) (explaining that, in interpreting a statute, courts will "presume that no words or provisions are superfluous and that the legislature intended every word, sentence, or provision of a statute to have some purpose, force, and effect") (internal citations omitted).

[13]   AMC 08.05.020.E was originally codified as AMC 08.50.020.E and subsequently renumbered in 1998. *See* AO 98-59(S), § 1.

[14]   AMC 08.50.020.E (1976 version).

[15]   AMC 08.05.020.E.

Memorandum indicates that the intended purpose of this change was to eliminate the one-year cap on probation.[16] There is no suggestion that the Assembly intended to make any substantive change to the rest of the sentence.[17] Nor is there anything to suggest that the Assembly intended to make all municipal sentencing governed by AS 12.55, thereby rendering most of the rest of AMC 08.05.020 superfluous.[18]

As a general rule, "[a]ll sections of a statute should be construed together so that all have meaning and no section conflicts with another."[19] Because Penetac's interpretation of AMC 08.05.020.E would render the other subsections of that provision meaningless, we reject his proposed interpretation. Instead, we conclude that AMC 08.05.020.E should be interpreted as requiring the courts to follow only those Title 12 provisions that apply directly to defendants sentenced under subsection E — *i.e.*, those provisions that govern when and how a court may, in the interests of justice, "suspend part or all of a sentence imposed or suspend imposition of sentence and place the defendant on probation."[20]

---

[16] *See* Municipality of Anchorage Assembly Memorandum, No. AM 881-82 (Aug. 17, 1982).

[17] *See id.*

[18] *See id.*

[19] *Monzulla v. Voorhees Concrete Cutting*, 254 P.3d 341, 345 (Alaska 2011) (internal citation omitted).

[20] AMC 08.05.020.E.

*Penetac's equal protection argument*

Penetac also argues that his municipal sentence violates equal protection because it subjects him to a greater penalty than the 30-day presumptive maximum sentence that most class A misdemeanors carry under state law.

This argument is without merit. As already mentioned, Penetac does not claim that he was convicted of a municipal offense with elements comparable to a state offense. Nor has he otherwise shown that, simply because he was convicted of a municipal offense designated as a class A misdemeanor under the municipal code, he is thereby similarly situated to persons convicted of offenses designated as class A misdemeanors under state law.[21] Penetac also ignores the fact that not all state class A misdemeanors are subject to the 30-day cap. Indeed, there are several state class A misdemeanors that are exempt from this limitation and subject to the same penalty range that Penetac himself faced.[22] Accordingly, we find no merit to Penetac's equal protection claim.

---

[21] *See Planned Parenthood of the Great Northwest v. State*, 375 P.3d 1122, 1135 (Alaska 2016) ("When equal protection claims are raised, the question is whether two groups of people who are treated differently are similarly situated and therefore are entitled to equal treatment under the constitution.") (internal citations omitted).

[22] Class A misdemeanors that are not subject to the 30-day cap include: assault in the fourth degree, sexual assault in the fourth degree, sexual abuse of a minor in the fourth degree, indecent exposure in the second degree in front of a minor, sending an explicit image of a minor, and certain harassment in the first degree. *See* AS 12.55.135(a)(1)(D)-(E). In addition, the 30-day cap also does not apply to crimes with mandatory minimum sentences of 30 days or more, crimes where the trier of fact finds the "most serious" aggravator, and cases in which a defendant has past criminal convictions similar in nature to the offense for which the defendant is being sentenced. *See* AS 12.55.135(a)(1)(A)-(C).

*Conclusion*

The judgment of the district court is AFFIRMED.