**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., a Risk Retention Group, *Plaintiff-Appellant*, <br><br> v. <br><br> INGALDSON FITZGERALD, P.C., FKA Ingaldson, Maassen & Fitzgerald, P.C., *Defendant-Appellee*. | No. 13-35115 <br><br> D.C. No. 3:11-CV-00187-SLG |

| | |
|---|---|
| ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., a Risk Retention Group, *Plaintiff-Appellee*, <br><br> v. <br><br> INGALDSON FITZGERALD, P.C., FKA Ingaldson, Maassen & Fitzgerald, P.C., *Defendant-Appellant*. | No. 13-35172 <br><br> D.C. No. 3:11-CV-00187-SLG <br><br> ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF ALASKA |

Filed September 10, 2014

Before: Jerome Farris, Dorothy W. Nelson,
and Jacqueline H. Nguyen, Circuit Judges.

Order

**SUMMARY**[*]

**Certification to Alaska Supreme Court**

The panel certified two questions to the Alaska Supreme
Court.

> 1. Does Alaska law prohibit enforcement of
> a policy provision entitling an insurer to
> reimbursement of fees and costs incurred by
> the insurer defending claims under a
> reservation of rights, where (1) the insurer
> explicitly reserved the right to seek such
> reimbursement in its offer to tender a defense
> provided by independent counsel, (2) the
> insured accepted the defense subject to the
> reservation of rights, and (3) the claims are
> later determined to be excluded from coverage
> under the policy?
>
> 2. If the answer to Question 1 is "Yes," does
> Alaska law prohibit enforcement of a policy
> provision entitling an insurer to
> reimbursement of fees and costs incurred by

[*] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) it is later determined that the duty to defend never arose under the policy because there was no possibility of coverage?

## COUNSEL

Kevin Hartzell and Angela Probasco, Kutak Rock, Omaha, NE, for petitioner/cross-respondent.

Jim M. Boardman and William H. Ingaldson, Ingaldson Fitzgerald, P.C., Anchorage, AK, for respondent/cross-petitioner.

Rick A. Cigel and Michael B. Kadish, The Cigel Law Group, P.C., Los Angeles, CA, for amicus curiae National Risk Retention Association.

**ORDER**

Pursuant to Alaska Rule of Appellate Procedure 407(a), we respectfully ask the Alaska Supreme Court to answer the following certified questions of Alaska law as set forth below:

1.  Does Alaska law prohibit enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) the claims are later determined to be excluded from coverage under the policy?

2.  If the answer to Question 1 is "Yes," does Alaska law prohibit enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) it is later determined that the duty to defend never arose under the policy

because there was no possibility of coverage?

The Alaska Supreme Court's answer to these questions may be determinative of this appeal, and we are unable to find controlling precedent from the Alaska Supreme Court. We are also cognizant of the states' role as the primary regulators of "the business of insurance." *Grp. Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 211 (1979); 15 U.S.C. § 1012. Additionally, we note that two federal district courts in Alaska reached conflicting interpretations of Alaska law on reimbursement of defense costs incurred pursuant to a reservation of rights. *Unionamerica Ins. Co. v. Gen. Star Indem. Co.*, No. A01–0317–CV (HRH), 2005 WL 757386, *8 (D. Alaska Mar. 7, 2005); *Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson & Fitzgerald, P.C.*, No. 3:11–cv–00187–SLG, 2012 WL 6675167, *4 (D. Alaska Dec. 21, 2012). We do not presume to bind the Alaska Supreme Court to our framing of these questions of state law, and we recognize that the Alaska Supreme Court may, in its discretion, answer these questions in any form that it chooses.

## I

The facts underlying this litigation are not disputed. Attorneys Liability Protection Society, Inc. ("ALPS") is a Risk Retention Group ("RRG") chartered in Montana. Ingaldson Fitzgerald, P.C. ("Ingaldson") is a professional corporation located in Alaska. ALPS provided Ingaldson's malpractice insurance coverage from April 29, 2007 to April 29, 2008.

This coverage dispute arises from Ingaldson's representation of Robert Kane in a criminal proceeding and

representation of Mark Avery and Security Aviation in litigation involving the May Smith Trust, for which Avery was a trustee. On April 13, 2006, Ingaldson received $150,000 as a retainer for its representation of Kane. Ingaldson drew down the $150,000 to pay its fees and returned a portion of the retainer to Kane, leaving a $0 balance in its trust account by April 10, 2007.

Security Aviation filed for bankruptcy on December 21, 2006. Through the course of the bankruptcy, the bankruptcy trustee successfully brought suit against Ingaldson, and obtained a judgment in the total amount of $115,297.44, inclusive of fees and costs. The bankruptcy court awarded judgment after finding that (1) the conveyance of funds from Ingaldson's trust account to Kane was a conversion of funds owned by Security Aviation, (2) Ingaldson converted Security Aviation's funds when it used the retainer to pay its legal fees, and (3) Ingaldson conveyed funds from its trust account in violation of 11 U.S.C. §§ 364, 327, and 362(a)(4).

Through the course of the bankruptcy's litigation against Ingaldson, Ingaldson was represented by self-selected independent counsel paid for by ALPS. When ALPS agreed to bear the costs of Ingaldson's defense, it did so reserving its right to deny coverage later and to seek reimbursement of defense costs if the policy did not cover the claims against Ingaldson. On September 23, 2011, ALPS filed an action in federal district court seeking a declaration that the ALPS policy did not cover the claims against Ingaldson and that ALPS had no obligation under the policy to provide an appeal bond in the underlying suit against Ingaldson. ALPS also sought to recover the expenses it incurred providing a defense to Ingaldson. The district court held that Alaska Statute § 21.96.100(d) precluded reimbursement of ALPS's expenses

because the expenses were incurred subject to a reservation of rights. ALPS appealed.

## II

Alaska Statute § 21.96.100(d) states, "In providing independent counsel, the insurer is not responsible for the fees and costs of defending an allegation for which coverage is properly denied and shall be responsible only for the fees and costs to defend those allegations for which the insurer either reserves its position as to coverage or accepts coverage." The statute plainly requires the insurer to cover defense costs if it either covers the claims against its insured, or defends pursuant to a reservation of rights. We note that if § 21.96.100(d) were the only authority, reimbursement would not be available in light of the statute's mandatory language. In this case, however, the parties agreed to a policy that allows reimbursement, and the insurer reiterated the possibility it would seek reimbursement in its reservation of rights letter. The statute does not squarely address whether the insurer can later seek reimbursement of fees assumed under a reservation of rights in this situation.

Passage of Alaska Statute § 21.96.100(d) in 1995 followed *CHI of Alaska, Inc. v. Emp'rs Reinsurance Corp.*, 844 P.2d 1113 (Alaska 1993). In *CHI*, the Alaska Supreme Court recognized an insured's right to independent counsel where an insurer accepted defense of a claim pursuant to a reservation of its right to disclaim coverage later. *Id.* at 1115. The Alaska Supreme Court also determined that the insurer has the unilateral right to select independent counsel, subject to the covenant of good faith and fair dealing. *Id.* at 1121. Like § 21.96.100(d), the *CHI* holding does not reach the precise issue presented in the present case. *CHI* did not

address the insurer's rights in the event that noncoverage is later found, especially where, as here, the insurance policy and reservation of rights letter clearly permit the insurer to seek reimbursement of defense costs.

If § 21.96.100(d) prohibits reimbursement in the event of noncoverage, the second question is whether reimbursement is precluded even where the duty to defend never arose. Under Alaska law, an insurer has a duty to defend its insured where "vagaries of law and fact are sufficient to create the potential that an insured will incur covered liability . . . ." *Makarka ex rel. Makarka v. Great Am. Ins. Co.*, 14 P.3d 964, 969 (Alaska 2000) (quotation omitted). The duty to defend is a distinct obligation of the insurance contract, and can arise even where the insurer ultimately faces no liability. *Sauer v. Home Indem. Co.*, 841 P.2d 176, 180 (Alaska 1992) (citing *Afcan v. Mut. Fire, Marine & Inland Ins. Co.*, 595 P.2d 638, 645 (Alaska 1979)). In the present case, the claims against Ingaldson involved funds held in the firm's trust account. The ALPS policy excluded coverage for disputes concerning trust account funds and client fees. Thus, it may be that the duty to defend never arose, and reimbursement of ALPS' defense costs may not violate any prohibition on reimbursement created by § 21.96.100(d) in this circumstance.[1]

---

[1] We do not reach the merits of the parties' arguments, and our description of the controversies presented by the parties shall not be construed as a comment on the merits of either party's position in this appeal.

## III

This matter is stayed pending proceedings in the Alaska Supreme Court, and this case is hereby withdrawn from submission. The parties shall notify this court whether the Alaska Supreme Court accepts the certified questions in a joint report within 30 days of that court's decision. If the questions are accepted, the parties shall file a joint status report with this court six months after the date of acceptance and every six months thereafter.

The Clerk of Court shall provide a signed copy of this order under the official seal of the United States Court of Appeals for the Ninth Circuit. The Clerk of Court shall also provide a copy of the record in this case, in whole or in part, to the Alaska Supreme Court upon request.

**IT IS SO ORDERED.**

_____
Judge Jacqueline H. Nguyen
Presiding Judge