*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., a Risk Retention Group, | ) ) ) ) | Supreme Court No. S-15683 |
| Plaintiff Cross-Appellant/Appellee, | ) ) ) ) ) | 9th Cir. Case Nos. 13-35115/ 13-35172 U.S. District Court No. 3:11-cv-00187-SLG |
| v. | ) ) | O P I N I O N |
| INGALDSON FITZGERALD, P.C., f/k/a Ingaldson, Maassen & Fitzgerald, P.C., | ) ) ) ) ) | No. 7095 – March 25, 2016 |
| Defendant Appellee/Cross-Appellant. | ) ) ) ) | |

Certified Question from the United States Court of Appeals for the Ninth Circuit on Appeal from the United States District Court for the District of Alaska, Sharon L. Gleason, District Judge.

Appearances: Kendra E. Bowman and Scott J. Gerlach, Delaney Wiles, Inc., Anchorage, and Kevin D. Hartzell and Angela Probasco, Kutak Rock LLP, Omaha, Nebraska, for Plaintiff–Cross-Appellant/Appellee. William H. Ingaldson and Jim M. Boardman, Ingaldson Fitzgerald, P.C., Anchorage, for Defendant–Appellee/Cross-Appellant. Daniel Wilkerson, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for Amicus Curiae State of Alaska.

Before: Stowers, Chief Justice, Fabe and Bolger, Justices, and Matthews and Eastaugh, Senior Justices.[*] [Winfree and Maassen, Justices, not participating.]

FABE, Justice.

## I.    INTRODUCTION

Today we resolve two questions certified to us by the United States Court of Appeals for the Ninth Circuit:

> 1.    Does Alaska law prohibit enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) the claims are later determined to be excluded from coverage under the policy?

> 2.    If the answer to Question 1 is "Yes," does Alaska law prohibit enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) it is later determined that the duty to defend never arose under the policy because there was no possibility of coverage?[1]

The answer to both questions is "yes."

---

[*]    Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

[1]    *Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.* (*ALPS 9th Cir.*), 766 F.3d 1180, 1181 (9th Cir. 2014).

## II.    FACTS AND PROCEEDINGS

The facts of this case are not in dispute for the purpose of resolving the certified questions.[2]  Ingaldson Fitzgerald is an Alaska law firm.  Attorneys Liability Protection Society, Inc. (ALPS) is a Montana insurance company and risk-retention group.  From April 29, 2007, to April 29, 2008, ALPS insured Ingaldson Fitzgerald.

Ingaldson Fitzgerald's insurance policy with ALPS insured the firm against claims arising from "an act, error or omission in professional services that were or should have been rendered by [Ingaldson Fitzgerald]."  The policy expressly excluded from coverage any claims arising from conversion or disputes over fees.  The policy also contained a provision providing that Ingaldson Fitzgerald would reimburse ALPS for fees and costs ALPS incurred in defending non-covered claims.

In 2008 the bankruptcy trustee for the bankrupt estate of a former client of Ingaldson Fitzgerald, in conjunction with a separate former client of the firm, brought a claim against the firm in the U.S. Bankruptcy Court for the District of Alaska.  The suit concerned Ingaldson Fitzgerald's actions in disbursing from and withdrawing fees and costs against a retainer.  The former client and the trustee sought recovery of that retainer,[3] and asserted claims against Ingaldson Fitzgerald for, among other things, restitution, disgorgement, and conversion.[4]

---

[2]    *Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson & Fitzgerald, P.C.* (*ALPS D. Alaska*), No. 3:11-cv-00187-SLG, 2012 WL 6675167, at *1 (D. Alaska Dec. 21, 2012). Additionally, when answering certified questions we "rely . . . on the federal court's fact statements and the excerpt.  We make no independent fact determinations." *C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1218 n.1 (Alaska 2000).

[3]    *ALPS D. Alaska*, 2012 WL 6675167, at *1.

[4]    *Id.*

Ingaldson Fitzgerald notified ALPS of the underlying suit. ALPS responded by accepting Ingaldson Fitzgerald's tender of the defense in the underlying suit, but with the caveat that ALPS "reserved 'all rights.' "[5] In its reservation of rights letter, ALPS explained that the underlying suit made allegations of activities that "d[id] not appear to implicate the provision of services or activities by [Ingaldson Fitzgerald] as an attorney in an attorney-client relationship," and thus "d[id] not appear to be professional services within the Policy's coverage." The letter also asserted that the claims in the underlying suit sought restitution that was not within the policy's definition of covered "damages" and that the policy did not cover claims related to disputes over fees, dishonest or criminal acts, or the conversion of trust account funds. ALPS's reservation of rights letter also specifically included the right to be reimbursed for the portion of fees incurred in the defense of claims that were deemed not covered under the policy.

Ingaldson Fitzgerald then retained independent counsel to defend against the former client and the trustee's claim, and ALPS paid the fees incurred by that attorney.[6] During adversary proceedings in the underlying suit, the bankruptcy court in the District of Alaska twice granted partial summary judgment against Ingaldson Fitzgerald.[7] The trustee then dismissed the remaining cause of action, sought entry of final judgment, and moved for attorney's fees and costs.[8]

---

[5]     *Id.*

[6]     *Id.*

[7]     *See In re Avery*, No. A06-00455-DMD, 2011 WL 4474927, at *4-6 (Bankr. D. Alaska July 19, 2011); *In re Avery*, 461 B.R. 798, 816-20 (Bankr. D. Alaska 2011).

[8]     *See In re Avery*, No. A06-00455-DMD, 2011 WL 5330789, at *2 (Bankr. D. Alaska Nov. 4, 2011).

In September 2011 ALPS filed suit against Ingaldson Fitzgerald in the United States District Court for the District of Alaska. ALPS sought declarations that its policy did not cover the underlying claims and that it was not obligated to furnish an appeal bond, as well as a monetary award reimbursing it for the cost of defending Ingaldson Fitzgerald. The district court determined that Ingaldson Fitzgerald did not meaningfully contest either of the first two requests for declaratory relief and thus granted ALPS its desired declarations on summary judgment.[9] But Ingaldson Fitzgerald did contest ALPS's claim for reimbursement of the cost of defense in the underlying suit, and it moved for partial summary judgment on this point. ALPS opposed Ingaldson Fitzgerald's motion and cross-moved for summary judgment.

The district court granted Ingaldson Fitzgerald's motion for partial summary judgment.[10] The district court noted that the policy provided ALPS with a right to reimbursement[11] but concluded that the reimbursement provision was not in compliance with Alaska insurance law and that the provision was therefore unenforceable.[12] Specifically, the district court concluded that the reimbursement provision was inconsistent with AS 21.96.100(d), which provides that in furnishing the insured with independent counsel, an insurer "shall be responsible only for the fees and costs to defend those allegations for which the insurer either reserves its position as to

---

[9]     *Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson & Fitzgerald, P.C.*, No. 3:11-cv-00187-SLG (D. Alaska Jan. 24, 2013).

[10]     *See ALPS D. Alaska*, 2012 WL 6675167, at *2-5.

[11]     *Id.* at *2.

[12]     *Id.* at *4.

coverage or accepts coverage."[13] The district court also determined that "Alaska law prohibits the inclusion of a right to reimbursement in insurance policies in the state and does not allow ALPS to provide insurance policy coverage that contradicts this prohibition."[14] The district court therefore granted Ingaldson Fitzgerald partial summary judgment on ALPS's claim for reimbursement.[15]

ALPS appealed to the Ninth Circuit.[16] The Ninth Circuit certified two questions to this court, distinguishing between situations in which an insurer has a duty to defend but ultimately faces no liability and situations in which the duty to defend never arises.[17] We granted the Ninth Circuit's request that we answer the certified questions. The parties provided full briefing of the issues, and the Alaska Division of Insurance filed an amicus brief at our request. Oral argument was held before this court on December 15, 2015.

## III. STANDARD OF REVIEW

Alaska Appellate Rule 407(a) permits us to accept certified "questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in [this court's] decisions." We have explained that "[i]n deciding a certified question of law, we must 'stand in the shoes of the certifying court, yet exercise our independent

---

[13] *Id.*

[14] *Id.* at *5.

[15] *Id.*

[16] *ALPS 9th Cir.*, 766 F.3d 1180 (9th Cir. 2014).

[17] *Id.* at 1181.

judgment.' "[18] This entails "selecting the rule of law that is most persuasive in light of precedent, reason, and policy."[19]

We interpret statutes "according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[20] We "use a sliding scale approach to statutory interpretation, in which 'the plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be.' "[21]

## IV. DISCUSSION

### A. When An Insurer Has A Duty To Defend, Alaska Law Prohibits Enforcement Of A Policy Provision Entitling That Insurer To Reimbursement Of Fees And Costs Incurred During The Defense Of Claims Under A Reservation Of Rights.

Answering the first certified question requires us to answer two sub-questions. First, does Alaska law generally require insurers to pay defense costs, without reimbursement, when they reserve rights? And second, if so, does Alaska law bar attempts to contract around this requirement? The answer to both questions is yes, even in circumstances where (1) an insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) the claims are later determined to be excluded from coverage under the policy.

---

[18]  *Schiel v. Union Oil Co. of Cal.*, 219 P.3d 1025, 1029 (Alaska 2009) (quoting *Edenshaw v. Safeway, Inc.*, 186 P.3d 568, 569 (Alaska 2008)).

[19]  *Id.* (citing *Kallstrom v. United States*, 43 P.3d 162, 165 (Alaska 2002)).

[20]  *Municipality of Anchorage v. Stenseth*, 361 P.3d 898, 905 (Alaska 2015) (citing *State, Div. of Workers' Comp. v. Titan Enters.*, 338 P.3d 316, 320 (Alaska 2014)).

[21]  *Id.* (alteration omitted) (citations omitted) (quoting *McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 721 (Alaska 2013)).

### 1.     Alaska case law

Before turning to the text of AS 21.96.100, we first survey the common law context in which the statute was passed. Our examination of an insurer's options in policy defense situations begins with *Continental Insurance Co. v. Bayless & Roberts, Inc.*[22] In *Continental* an insured was sued, and its insurer became convinced that the insured had breached the insurance contract.[23] The insurer informed the insured that it would only continue to defend the case subject "to a reservation of [the insurer's] right to later deny liability on the ground of the alleged breach."[24] We rejected this approach and held that in policy defense situations "the insured has a right to demand an unconditional defense."[25] We further recognized three options for an insurer seeking to meet this right: "affirm the policy and defend unconditionally," "repudiate the policy and withdraw from the defense," or "offer its insured the right to retain independent counsel to conduct his [or her] defense, and agree to pay all the necessary costs of that defense."[26]

---

[22]     608 P.2d 281 (Alaska 1980). Policy defenses arise when "the insurer claims that the policy has been breached by the insured," *CHI of Alaska, Inc. v. Emp'rs Reinsurance Corp.*, 844 P.2d 1113, 1115 (Alaska 1993), and were at issue in *Continental*. 608 P. 2d at 283. Coverage defenses, like those at issue in this case, arise when the insurer asserts that "a particular claim [in the underlying suit] does not come within the coverage of the policy." *CHI of Alaska, Inc.*, 844 P.2d at 1115.

[23]     *Continental Ins. Co.*, 608 P.2d at 283.

[24]     *Id.*

[25]     *Id.* at 291.

[26]     *Id.* at 291 & n.17.

We elaborated upon our conclusion in *Continental* when we decided *CHI of Alaska, Inc. v. Employers Reinsurance Corp.* in 1993.[27] In *CHI* an insured was sued under multiple theories, and its insurer agreed to defend on all claims, "conditional on reserving its rights to disclaim coverage" with respect to one of the claims that it believed might be excluded under the policy.[28] Because the reservation of rights created a conflict of interest, the insured demanded that the insurer pay for independent counsel.[29] The insured then sued for a declaration that it was entitled to select independent counsel and have that counsel defend both the claim as to which the insurer had reserved its rights and the claims as to which the insurer had accepted coverage.[30]

In *CHI* we held that the same rights and options that existed in policy defense situations under *Continental* also applied in coverage defense situations.[31] In so doing, we explicitly held that where the injured third party's allegations state a claim within an exception to policy coverage, but facts known or ascertainable to the insurer also disclose a claim within or potentially within the policy's coverage, the insurer must still provide the insured with independent counsel.[32] We have therefore confirmed an

---

[27]    844 P.2d 1113.

[28]    *Id.* at 1114.

[29]    *Id.*

[30]    *Id.*

[31]    *Id.* at 1118 ("We conclude that the right to independent counsel recognized in *Continental* should also apply to cases involving coverage defenses.").

[32]    *See id.* at 1118-19 (stating that we adhere to the dicta in *National Indemnity Co. v. Flesher*, 469 P.2d 360, 367 n.22 (Alaska 1970) that reached the same conclusion).

insurer's obligation to provide and "pay all the necessary costs of" independent counsel when reserving the right to assert a later coverage defense.[33]

### 2. Statutory text

Soon after we issued our decision in *CHI*, the Alaska Legislature passed a statute that codified the requirements that bind insurers as set out in *Continental* and *CHI*. The text of that statute, AS 21.96.100, reads in relevant part as follows:

Subpart (a) provides:

If an insurer has a duty to defend an insured under a policy of insurance and a conflict of interest arises that imposes a duty on the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to the insured unless the insured in writing waives the right to independent counsel.

Subpart (c) requires:

[I]f the insurer reserves the insurer's rights on an issue for which coverage is denied, the insurer shall provide independent counsel to the insured as provided under [subpart] (a) of this section.

Subpart (d) specifies that if the insured selects independent counsel, the insurer may require that the independent counsel have adequate experience and may limit the independent counsel's rates to the rate the insurer would pay an attorney in a similar case. It also stipulates:

In providing independent counsel, the insurer is not responsible for the fees and costs of defending an allegation for which coverage is properly denied and shall be responsible only for the fees and costs to defend those allegations for which the insurer either reserves its position as to coverage or accepts coverage. The independent counsel

---

[33] *Continental Ins. Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281, 291 n.17 (Alaska 1980).

shall keep detailed records allocating fees and costs accordingly.

Finally, subpart (f) provides that an insured may waive the right to select independent counsel if the insured signs a waiver that includes, among other things, a section reading, "I have been advised of my right to select independent counsel to represent me in this lawsuit and of my right under state law to have all reasonable expenses of an independent counsel paid by my insurer."

As the Ninth Circuit recognized, this statute "does not squarely address whether the insurer can later seek reimbursement of fees assumed under a reservation of rights" where "the parties agreed to a policy that allows reimbursement, and the insurer reiterated the possibility it would seek reimbursement in its reservation of rights letter."[34] Thus, the question before us is whether the statute is correctly read as a prohibition on reimbursement. To resolve this question, we take a "sliding-scale approach [to statutory interpretation] where '[t]he plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be.' "[35] A review of the statutory text indicates that reimbursement is prohibited, and because there is no evidence of contrary legislative purpose or intent, we conclude that the statute prohibits reimbursement provisions.

Language in subsections (a) through (d) of the statute leads us to this conclusion. The discussion throughout those subsections focuses on the mandatory requirement that insurers pay for the cost of independent counsel. The statute details the

---

[34]     *ALPS 9th Cir.*, 766 F.3d 1180, 1183 (9th Cir. 2014).

[35]     *Ayres v. United Servs. Auto. Ass'n*, 160 P.3d 128, 129 (Alaska 2007) (alteration in original) (quoting *Muller v. BP Exploration (Alaska) Inc.*, 923 P.2d 783, 787-88 (Alaska 1996)).

circumstances under which "the insurer *shall provide* independent counsel."[36] It discusses what happens when the insurer provides "independent counsel *at the insurer's expense*."[37] And it articulates the parameters of "the *obligation* of the insurer to pay the fee."[38] Thus, the statute regulates the relationship between insurer and insured when independent counsel is provided and clearly allocates to the insurer the responsibility to pay the fees and costs of such counsel. Any effort by the insurer to shift such expenses to an insured would violate the allocation that the statute requires and would therefore be invalid.

ALPS reads those clauses to mean that an insurer can fulfill its statutory obligations by paying fees and costs, while explicitly reserving the right to recoup money for those payments should the claims turn out to be uncovered claims under the policy. But that reading is inconsistent with the legislature's general approach to insurance regulations. The insurance industry is a "highly regulated industr[y]."[39] In a number of other contexts, we have held unenforceable insurance policy provisions that have run afoul of applicable regulations or statutes. For example, we have invalidated policy provisions that were not in compliance with applicable regulations and had not been approved by the Division of Insurance;[40] provisions that were not in compliance with

---

[36]     AS 21.96.100(a) (emphasis added); *see also* AS 21.96.100(c).

[37]     AS 21.96.100(d) (emphasis added).

[38]     *Id.* (emphasis added).

[39]     *A. Fred Miller, Attorneys at Law, P.C. v. Purvis*, 921 P.2d 610, 613 (Alaska 1996).

[40]     *See Therchik v. Grant Aviation, Inc.*, 74 P.3d 191, 195-200 (Alaska 2003).

applicable statutes but *had* been approved by the Division of Insurance;[41] and provisions that unambiguously attempted to modify a statutorily mandated accrual date.[42] In light of that history, the statute's silence on the question of reimbursement is instructive: There is no provision suggesting that AS 21.96.100 permits reimbursement, so we must conclude that the statutory scheme prohibits reimbursement.

And subsection (f), the waiver provision, further clarifies that to enforce a reimbursement provision would be inconsistent with the purpose of the statute. Subsection (f) specifies that "[a]n insured may waive the right to select independent counsel by signing a statement" that includes, among other things, acknowledgment that the insured understands his or her "right under state law to have all reasonable expenses of an independent counsel paid by my insurer." Nowhere in the waiver provision is the possibility of reimbursement mentioned. It is difficult to believe that the legislature would have drafted a waiver provision that did not at least mention the *possibility* of a contractual right to reimbursement if the legislature had contemplated a scenario in which an insurance policy could obviate the insured's right to have all reasonable expenses of independent counsel paid for.

We have previously held that insurance policies are contracts of adhesion and must be interpreted according to the reasonable expectations of the insured.[43] "In other words, '[t]he objectively reasonable expectations of . . . beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy

---

[41]    *See Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 288 (Alaska 2012).

[42]    *See McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 732-33 (Alaska 2013).

[43]    *See C.P. ex rel. M.L. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222 (Alaska 2000) (citing *Jones v. Horace Mann Ins. Co.*, 937 P.2d 1360, 1362 n.3 (Alaska 1997)).

provisions would have negated those expectations.' "[44]   In AS 21.96.100(f), the legislature provided detailed waiver language that informs an insured's expectations. And it is objectively reasonable for an insured party to base its expectations on that language.  That the waiver provision omitted any discussion of the insured's possible liability for reimbursement of attorney's fees is yet another compelling indication that the statute precludes reimbursement.

Contrary to this interpretation, ALPS argues that we should adopt the position taken by the California Supreme Court.   California has similarly imposed "limits on the ability of liability insurers to control third-party litigation against the insured" through both "case and statutory law."[45]  And California appears to be the only jurisdiction with an independent counsel statute to have evaluated insurers' ability to seek reimbursement for the costs of defending claims that are ultimately excluded from coverage.  ALPS therefore urges us to follow the path set by *Buss v. Superior Court*, in which the California Supreme Court rejected the argument that enforcement of contractual reimbursement rights conflicted with California's statute.[46]

But as the Division of Insurance argues in its amicus brief, *Buss* is inapposite because the California statute "contains no equivalent to the language in AS 21.96.100(d) that states the insurer 'shall be responsible only for the fees and costs to defend those allegations for which the insurer either reserves its position as to coverage or accepts coverage.' " ALPS maintains that *Buss* remains instructive because

---

[44]      *Id.* (alteration in original) (quoting *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1295 (Alaska 1994)).

[45]      *Buss v. Superior Ct.*, 939 P.2d 766, 785 (Cal. 1997) (citing CAL. CIV. CODE § 2860; *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 208 Cal. Rptr. 494, 501-02 (Cal. App. 1984)).

[46]      *Id.* at 783 & n.25.

AS 21.96.100(d) does not actually address reimbursement at all, so provisions within the policy contract may fill the gaps on the reimbursement issue. But unlike our statute, the California statute is not silent on the issue of reimbursement. To the contrary, the California statute provides that "[t]his subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees."[47] The Alaska Statutes contain no similar provision, so *Buss* does not assist us.

### 3.    Legislative history

Legislative history bolsters our conclusion that the statute allocates responsibility to pay for independent counsel to the insurer when the insurer reserves rights. In 1994 the legislature considered two bills with identical provisions relating to the appointment of independent counsel, and those provisions largely tracked the language now found in AS 21.96.100.[48] The minutes of the House Rules Committee indicate that the Commissioner of the Department of Commerce and Economic Development described those provisions as "codification[s] of a court case . . . in which the policyholder is entitled [to] representation [by independent counsel], proposed by the insurer defending the case on behalf of the insured."[49] Neither bill passed, but in 1995 the legislature considered a bill that an officer of the Division of Insurance described as "the successor bill" to those failed bills.[50] An assistant attorney general

---

[47]    CAL. CIV. CODE § 2860(c).

[48]    *See* House Bill (H.B.) 534, 18th Leg., 2d Sess. § 88 (1994); Senate Bill (S.B.) 362, 18th Leg., 2d Sess., § 88 (1994).

[49]    Minutes, H. Rules Comm., Hearing on S.B. 362, 18th Leg., 2d Sess. (May 9, 1994) (testimony of Paul Fuhs, Comm'r, Dep't of Commerce & Econ. Dev.).

[50]    Minutes, Sen. Labor & Commerce Comm. Hearing on S.B. 53, 19th Leg.,
(continued...)

testified before the House Labor and Commerce Committee that the independent counsel provision "implements an Alaska Supreme Court decision from 1993, which is called *CHI of Alaska v. Employers Reinsurance*," and he characterized *CHI* as standing for the proposition that "a purchaser of insurance has a unilateral right to select independent counsel to represent them, and they can do that at the insurance compan[y's] expense."[51]

The legislature's understanding of the statute's effects was illuminated two years later, when the statute was amended.[52] As originally enacted, the statute did not include the following two sentences that are currently incorporated in the text of AS 21.96.100(d): "In providing independent counsel, the insurer is not responsible for the fees and costs of defending an allegation for which coverage is properly denied and shall be responsible only for the fees and costs to defend those allegations for which the insurer either reserves its position as to coverage or accepts coverage. The independent counsel shall keep detailed records allocating fees and costs accordingly."[53] The sponsoring Representative, Brian S. Porter, explained that he had proposed the amendment in an effort to clarify that insurers were not responsible for fees and costs to defend those allegations for which it *denied* claims.[54] Representative Porter's discussion

---

[50](...continued)
1st Sess. (Mar. 2, 1995) (testimony of Joan Brown, Admin. Officer, Div. of Ins.).

[51]    Minutes, H. Labor & Commerce Comm. Hearing on S.B. 53, 19th Leg., 1st Sess. (May 5, 1995) (testimony of Dave Stebing, Assistant Attorney Gen.).

[52]    *See* ch. 26, § 34, SLA 1997.

[53]    *Compare* ch. 62, § 107, SLA 1995, *with* AS 21.96.100(d).

[54]    Minutes, H. Judiciary Comm. Hearing on H.B. 58, 20th Leg., 1st Sess. (Feb. 21, 1997) (testimony of Rep. Brian S. Porter) (explaining that the amendment combated a "practice" that "had made it seem apparently required that [insurers] also
(continued...)

of the amendment provides insight into his understanding that insurers were "required to provide a defense" for covered claims, and "where they had a reservation of right[s], they were also required to provide a defense."[55]

In other words, the amendment did not seek to abrogate what one testifying attorney described as a rule from "the Supreme Court and the legislature" that "individuals who have purchased insurance are entitled to independent counsel when there was a [r]eservation of [r]ights letter submitted."[56] Importantly, the same testifying attorney described the amendment as an attempt to clarify that insurers were not responsible for the defense of non-covered claims as imposing a "fiscal check" on insured parties, who would "act reasonably" now that they "ha[d] to pay their attorney."[57] If reimbursement had been generally available when reserved-right situations turned out to involve non-covered claims, then insured parties would already be subject to the "fiscal check" the amendment sought to impose. This further suggests that the legislature understood the requirement imposed by AS 21.96.100(a)-(d) that

---

[54](...continued)
cover the third area, denied claims"); *see also* H. Judiciary Comm., S.S.H.B. 58 Bill File, Sectional Summary, 20th Leg., 1st Sess. at 9177 (containing Rep. Porter's summary of the amendment) ("This section makes an insurer responsible only for the costs and attorney fees incurred by an independent counsel defending against claims for which the insurer has either accepted coverage or reserved it[s] right to deny coverage. The insurer is not responsible for costs and attorney fees incurred in defending against claims for which the insurer has denied coverage.").

[55] Minutes, H. Judiciary Comm. Hearing on H.B. 58, *supra* note 54 (testimony of Rep. Brian S. Porter).

[56] Minutes, H. Judiciary Comm. Hearing on H.B. 58, 20th Leg., 1st Sess. (Feb. 24, 1997) (testimony of Mike Barcott, Attorney, Faulkner, Banfield, Doogan & Holmes).

[57] *Id.*

insurers reserving rights "shall provide" and "be responsible . . . for the fees and costs" of independent counsel not to include an implied right of reimbursement.[58]

### 4.    The position of the Division of Insurance

The Division of Insurance has authority to regulate insurance forms under Title 21 of the Alaska Statutes.[59]   Although we interpret statutes using our independent judgment,[60] we also afford "some weight" to an agency's interpretation of the statute, "especially where the agency interpretation is longstanding."[61]   The Division has "approved some policies containing reimbursement provisions, but . . . has not specifically considered whether they conflict with AS 21.96.100."[62]   The Division contends that these past approvals are "not dispositive" and maintains that, contrary to its past practice, "[a] policy provision entitling an insurer to reimbursement of fees and costs for defending claims under a reservation of rights when the claims are ultimately denied would be counter to . . . AS 21.96.100."

We agree that the past practice of the Division is not dispositive:  In *Ennen v. Integon Indemnity Corp.*, we held that in a bad-faith action, an insurance company was

---

[58]    AS 21.96.100(a), (d).

[59]    *See, e.g.*, AS 21.42.130 ("The director [of the Division of Insurance] shall disapprove a form . . . if the form . . . is in any respect in violation of or does not comply with this title. . . .").

[60]    *Municipality of Anchorage v. Stenseth*, 361 P.3d 898, 904 (Alaska 2015).

[61]    *Nelson v. Progressive Cas. Ins. Co.*, 162 P.3d 1228, 1238 (Alaska 2007) (quoting *Gov't Emps. Ins. Co. v. Graham-Gonzalez*, 107 P.3d 279, 286 (Alaska 2005)).

[62]    The Division has approved "at least six policies . . . that contain a provision requiring the insured to reimburse the insurer for fees and costs incurred by the insurer in defending claims that are later determined not to be covered."  Because risk retention groups are not subject to state regulation that would require prior approval, the Division has not specifically reviewed contracts issued by risk retention groups.

not entitled to rely on the Division's approval of policy language when that language did not comply with applicable insurance statutes.[63] We come to the same conclusion in this case, particularly because the Division has effectively disavowed its past practice in favor of the more considered interpretation it advances in its amicus brief. We therefore do not afford any weight to the Division's past practice.

Instead, we afford some deference to the interpretation of AS 21.96.100 that the Division has advanced in its briefing.[64] The Division, noting that AS 21.96.100 recognizes an "inherent conflict of interest between an insured and [an] insurer defending under a reservation of rights and resolves it by requiring an insurer to provide independent counsel and pay for it," concludes that "[a] policy provision allowing for reimbursement of these costs would undermine the statutory requirement that the insurer pay them in the first place." The Division therefore concludes that "under AS 21.96.100, if an insurer has a duty to defend and elects to reserve its rights on an issue, it is obligated to provide and pay for independent counsel."

Because all evidence of statutory purpose and legislative intent aligns with the Division's interpretation of the statute, we must conclude that the reimbursement provision in this case is unenforceable. Thus, the answer to the first question is "yes": When an insurer has a duty to defend, Alaska law prohibits enforcement of a policy

---

[63]    268 P.3d 277, 288 (Alaska 2012).

[64]    *See, e.g.*, *State v. Dupier*, 118 P.3d 1039, 1050 n.62 (Alaska 2005) ("The weight accorded to opinions of the Attorney General is largely within our discretion. In general, they are not controlling but are entitled to some deference." (citing *State v. Kenaitze Indian Tribe*, 83 P.3d 1060, 1066 n.22 (Alaska 2004))); *Bullock v. State, Dep't of Cmty. & Reg'l Affairs*, 19 P.3d 1209, 1216 (Alaska 2001) ("When an executive interprets legislation, that interpretation 'is entitled to be given weight by the court in construing the intent of the statute.' " (quoting *Flisock v. State, Div. of Ret. & Benefits*, 818 P.2d 640, 645 (Alaska 1991))).

provision entitling that insurer to reimbursement of fees and costs incurred during the defense of claims under a reservation of rights. We come to this conclusion even in cases where, as is true here, (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) the claims are later determined to be excluded from coverage under the policy.

**B.      Alaska Law Prohibits Enforcement Of A Policy Provision Entitling An Insurer To Reimbursement Of Fees And Costs Incurred During The Defense Of Claims Under A Reservation Of Rights Even When It Is Later Determined That There Was No Possibility Of Claim Coverage.**

The duty to defend and the duty to indemnify are independent obligations.[65] In *CHI* we articulated the scope of the duty to defend in circumstances where an insurance company contests coverage: The duty arises "if the complaint *on its face* alleges facts which, standing alone, give rise to a possible finding of liability covered by the policy or, if the complaint does not contain such allegations, where 'the true facts are within, or potentially within, the policy coverage and are known or reasonably ascertainable to the insurer.' "[66] In other words, the duty to defend attaches, if at all, on

---

[65]      *Afcan v. Mut. Fire, Marine & Inland Ins. Co.*, 595 P.2d 638, 645 (Alaska 1979).

[66]      *CHI of Alaska, Inc. v. Emp'rs Reinsurance Corp.*, 844 P.2d 1113, 1115 n.5 (Alaska 1993) (emphasis in original) (citation omitted) (first quoting *Afcan*, 595 P.2d at 645; then quoting *Nat'l Indem. Co. v. Flesher*, 469 P.2d 360, 366 (Alaska 1970)). That the complaint may allege causes of action beyond the scope of the policy is immaterial: "The duty to defend is triggered if there is at least one cause of action alleged in the complaint for which there is a possibility of coverage under the policy. The presence of additional causes of action not covered by the policy does not defeat the duty to defend." *State, Dep't of Transp. & Pub. Facilities v. State Farm Fire & Cas. Co.*, 939 P.2d 788, 792 (Alaska 1997) (citation omitted) (citing *Sauer v. Home Indem. Co.*, 841 P.2d 176, 181 (Alaska 1992)).

the basis of the complaint and known or reasonably ascertainable facts at the time of the complaint.[67] Even if coverage is ultimately denied, and even if it were later determined that there was no possibility of coverage, that denial has no retroactive effect on the duty to defend.

But what about a circumstance, ALPS asks, in which "the insurer, in an abundance of caution, provides independent defense counsel *regardless* of whether the insurer has a duty to defend?" This "abundance of caution" hypothetical only underscores the importance of preserving the balance we struck in *Continental*: An insurer may "affirm the policy and defend unconditionally[,] . . . repudiate the policy and withdraw from the defense," or reserve rights and "offer its insured the right to retain independent counsel to conduct his [or her] defense, and agree to pay all the necessary costs of that defense."[68] To allow insurance companies to disavow the duty to defend but provide independent defense counsel out of "an abundance of caution" gives the insurer an incentive to automatically reserve rights in hopes of obtaining reimbursement for attorney's fees and to protect itself from claims of bad faith or breach that could result from a repudiation of the policy. Such a result is inconsistent with AS 21.96.100: Under the statute the determinative event giving rise to the insurer's duty to pay independent counsel is not the often-difficult determination as to the possibility or impossibility of coverage, but the objective act of the insurer taken when reserving its position as to coverage. And it is certainly inconsistent with our previous decisions on this issue. We conclude that Alaska law prohibits reimbursement of fees and costs incurred by the

---

[67] In answering the second certified question, we are asked to assume that the duty to defend never arose under the policy. We therefore do not need to discuss ways in which a duty to defend might arise for the first time after an insurer correctly denies a defense.

[68] 608 P.2d 281, 291 & n.17 (Alaska 1980).

insurer defending claims under a reservation of rights, even in circumstances where it is later discovered that there was "no possibility of coverage" under the policy. The answer to the second certified question is therefore "yes."

## V.   CONCLUSION

The answer to both certified questions is "yes":   Alaska law prohibits enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) the claims are later determined to be excluded from coverage under the policy; and, Alaska law also prohibits enforcement of a policy provision entitling an insurer to reimbursement of fees and costs incurred by the insurer defending claims under a reservation of rights, where (1) the insurer explicitly reserved the right to seek such reimbursement in its offer to tender a defense provided by independent counsel, (2) the insured accepted the defense subject to the reservation of rights, and (3) it is later determined that the duty to defend never arose under the policy because there was no possibility of coverage.