**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CHRIS WYATT HICKS, | No. 15-55953 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06316-PA-SH |
| v. | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | MEMORANDUM * |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before: REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

Wyatt Hicks appeals the district court's grant of summary judgment to

Progressive Casualty Insurance Company in his suit for bad faith insurance denial.

We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Attorneys*

*Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.*, 838 F.3d 976, 980 (9th Cir.

2016), we reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

An insurer "must give at least as much consideration to the interests of the insured as it gives to its own interests." *Wilson v. 21st Cent. Ins.*, 171 P.3d 1082, 1087 (Cal. 2007) (quoting *Frommoethelydo v. Fire Ins. Exch.*, 721 P.2d 41, 44 (Cal. 1986)). While the insurer "has no obligation . . . to pay every claim its insured makes, the insurer cannot deny the claim 'without fully investigating the grounds for its denial.'" *Id.* (quoting *Frommoethelydo*, 721 P.2d at 44). "[D]enial of a claim on a basis unfounded in the facts known to the insurer, or contradicted by those facts, may be deemed unreasonable." *Id.* "The insurer may not just focus on those facts which justify denial of the claim." *Id.* (quoting *Mariscal v. Old Republic Life Ins.*, 50 Cal. Rptr. 2d 224, 227 (Ct. App. 1996)).

Viewing the facts in the light most favorable to Hicks, Progressive performed an inadequate and biased investigation into the accident—one that was designed to protect its own interests without any regard for Hicks's interests. Progressive immediately formed an opinion that Hicks's injury was caused by an earlier accident and never seriously considered any other possibility. It based its opinion on conversations with representatives of Safeway Insurance Company and Karl Kantarjian—parties who had an obvious interest in minimizing Hicks's injury from the collision with Kantarjian—and failed to account for the substantial evidence that any prior injury had no bearing on the present case.

It was uncontroverted that any prior injury to Hicks's back or lower spine had healed years before the Kantarjian collison, and there was no evidence that Hicks's constant pain years after the Kantarjian collision was attributable to the earlier accident.  The "genuine dispute" doctrine does not apply here "where the evidence shows 'the insurer dishonestly selected its experts[,] the insurer's experts were unreasonable[,] [or] the insurer failed to conduct a thorough investigation.'" *McCoy v. Progressive W. Ins.*, 90 Cal. Rptr. 3d 74, 80 (Ct. App. 2009) (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins.*, 108 Cal. Rptr. 2d 776, 785 (Ct. App. 2001)).

"The size of the arbitration award, if it substantially exceeds the insurer's offer, although not conclusive, furnishes an inference that the value of the claim is the equivalent of the amount of the award . . . ."  2 Robert C. Clifford & Paul A. Eisler, *California Uninsured Motorist Law* § 24.11 (2016) (citing *Crisci v. Sec. Ins. Co. of New Haven, Conn.*, 426 P.2d 173, 177 (Cal. 1967)); *see also Brehm v. 21st Cent. Ins.*, 83 Cal. Rptr. 3d 410, 421 (Ct. App. 2008) (holding that insurer's "unreasonably low" settlement offer "in light of the medical evidence in its possession at that time" was evidence of bad faith).  Although Progressive offered to settle for $5,500 to avoid certain arbitration costs, it did not value Hicks's claim at $105,500.  Rather, it took the position that Hicks's claim was worth at most

$57,000 when the undisputed facts showed it was worth between $175,000 (by Progressive's own estimate) and $200,000 (by the arbitrator's).

Throughout its investigation, Progressive sought to portray Hicks and his mother as liars. During arbitration, Progressive's attorney attempted to undermine Hicks's mother's credibility by asking her whether she "[did] pornography." This is evidence of Progressive's bias towards its insured. *See* 11 John K. DiMugnoa & Paul E.B. Glad, *California Insurance Law Handbook* § 143 (2016) ("An insurer's duty of good faith and fair dealing continues after litigation commences. Thus, 'various litigation tactics . . . and other conduct' are admissible to show that the insurer breached the covenant of good faith and fair dealing." (quoting *White v. W. Title Ins.*, 710 P.2d 309, 317 n.9 (Cal. 1985))). Contrary to the district court's assertion, evidence of bad faith litigation tactics to show bias is not barred by California Civil Code section 47(b). *See Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 728 P.2d 1202, 1208–09 (Cal. 1986); *see also White*, 710 P.2d at 318.

**REVERSED and REMANDED.**