**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



THE BURLINGTON INSURANCE
COMPANY,

        Plaintiff-Appellee,

v.

GERMAN MOTORS CORPORATION;
FEDERATED MUTUAL INSURANCE
COMPANY,

        Defendants-Appellants.

No.    18-15835

D.C. No. 4:17-cv-04734-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted November 12, 2019[**]
San Francisco, California

Before:  W. FLETCHER, BENNETT, and BADE, Circuit Judges.

    The Burlington Insurance Company ("Burlington") does not have a duty to

defend and indemnify Bay One Security ("Bay One").  We affirm the district

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's grant of summary judgment.

The relevant facts are undisputed. German Motors Corporation ("German Motors") hired Bay One to provide security for its BMW dealership in San Francisco. Bay One purchased a commercial general liability ("CGL") insurance policy ("Policy") from Burlington at a cost of $10,307.00 per year. In June 2015, while a Bay One security guard was on duty, a man broke into German Motors' dealership and caused significant damage to multiple cars and the dealership. German Motors sued Bay One in state court for breach of contract and negligence, and Bay One then tendered the claim to Burlington.

Burlington concedes that "absent the exclusions, this policy would cover this claim." However, Burlington asserts that the damage claimed by Bay One is excluded from coverage by the Policy's Professional Services Exclusion, which reads, "This insurance does not apply to 'any injury or damage' arising out of the rendering of or failure to render any professional services by or for you."

We review the district court's grant of summary judgment to Burlington de novo. *See Attorneys Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.*, 838 F.3d 976, 980 (9th Cir. 2016). "[A]n insured's claim of coverage for 'professional services' must be evaluated in light of all the relevant circumstances in which that claim arises, including, but not limited to, [1] the term's commonly understood

meaning, [2] the type and cost of the policy, and [3] the nature of the enterprise." *Hollingsworth v. Commercial Union Ins. Co.*, 256 Cal. Rptr. 357, 360 (Ct. App. 1989).

The Policy's Professional Services Exclusion applies here. First, Bay One's security services fall within the commonly understood meaning of "professional services": "those 'arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual.'" *Energy Ins. Mut. Ltd. v. Ace Am. Ins. Co.*, 221 Cal. Rptr. 3d 711, 719 (Ct. App. 2017) (internal quotation marks omitted). Bay One's services met each criterion: they arose out of employment, involved specialized knowledge, and were predominantly mental.

Second, the type of policy Burlington issued Bay One was a CGL policy. CGL policies typically do not cover professional negligence, such as a security guard's negligent failure to watch a video monitor. *Id.* at 292.

Finally, the nature of the security enterprise suggests that it is a professional service. German Motors' agreement with Bay One involved an exchange for value: Bay One provided security, and German Motors paid an hourly rate of $45.00 for the service. Additionally, Bay One's services required employees to have specialized knowledge, training, and qualifications. Moreover, each guard's

3

individual duties were primarily mental: the responsibilities included monitoring live surveillance footage and "otherwise remain[ing] vigilant for any signs of suspicious activity." Overall, the nature of Bay One's security services places them squarely within the Professional Services Exclusion.

**AFFIRMED**.