NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACOB BENSON, an individual; JOSEPH BENSON; DEBORAH BENSON, husband and wife; K. B., a minor, by and through Jacob Benson, guardian ad litem, | No.    22-16829 |
| | D.C. No. 2:18-cv-00006-DWL |
| Plaintiffs-Appellees, | MEMORANDUM* |
| v. | |
| CONTINUING CARE RISK RETENTION GROUP, INC., Garnishee, | |
| Defendant-Appellant, | |
| and | |
| CASA DE CAPRI ENTERPRISES, LLC, an Arizona limited liability company; UNKNOWN PARTIES, named as John Does 1-20; ABC Corporations I-X; XYZ Partnerships I-X, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted November 8, 2023
Phoenix, Arizona

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and COLLINS, Circuit Judges, and S. MURPHY,** District Judge.

Continuing Risk Retention Group, Inc. ("CCRRG") appeals the district court's order denying its renewed motion to compel arbitration.[1] We review de novo the district court's denial of a motion to compel arbitration, *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 917 (9th Cir. 2011), and affirm.

CCRRG argues that it is entitled to compel arbitration because the Liability Risk Retention Act ("LRRA") preempts Arizona Revised Statutes ("A.R.S.") section 12-1584 and the Arizona Supreme Court's decision in *Benson v. Casa de Capri Enterprises, LLC*, 502 P.3d 461, 465 (Ariz. 2022), which both require a court to resolve all issues in a contested garnishment action. We disagree.

The LRRA "leaves regulation of [a risk retention group ("RRG")] to the state where the RRG is chartered," *Atty's Liab. Prot. Soc'y, Inc. v. Ingaldson Fitzgerald, P.C.*, 838 F.3d 976, 980 (9th Cir. 2016), and "broadly preempts the authority of nonchartering states to regulate the operation of risk retention groups within their borders," *Allied Pros. Ins. Co. v. Anglesey*, 952 F.3d 1131, 1132 (9th Cir. 2020). With several exceptions, the LRRA provides that foreign RRGs are "exempt from

** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[1] The motion of the National Risk Retention Association to join as amicus curiae is granted, and the brief at Docket Entry 21 is filed.

any [non-chartering] State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would . . . make unlawful, or regulate, directly or indirectly, the operation of a risk retention group." 15 U.S.C. § 3902(a)(1). Importantly, however, the statute also provides that "nothing in this section shall be construed to affect the applicability of State laws generally applicable to persons or corporations." *Id.* § 3902(a)(4).

A.R.S. § 12-1584 and the Arizona Supreme Court's decision in *Benson* provide that participants in an Arizona garnishment proceeding must adhere to a certain set of statutory procedures. *See* A.R.S. § 12-1584(E) (providing generally that, in a garnishment action, "[t]he court, sitting without a jury, shall decide all issues of fact and law"); *Benson*, 502 P.3d at 465 (holding that application of direct benefits estoppel in a garnishment action would "contravene the legislature's directive that garnishment proceedings adhere to prescribed statutory procedures"). Thus, contrary to CCRRG's arguments, the challenged laws are not specific to regulation of the insurance business and are distinguishable from the law at issue in *Allied Professionals Insurance Co. See* 952 F.3d at 1132 (analyzing state insurance code provision governing limitations in insurance contracts, including arbitration clauses). Because the laws are non-specific to the insurance business and are generally applicable to all corporations and persons, they fall within § 3902(a)(4)'s savings clause. *See Nat'l Warranty Ins. Co. RRG v. Greenfield*, 214 F.3d 1073, 1081

(9th Cir. 2000) (describing § 3902(a)(4)'s savings clause as allowing "regulation by state laws not specifically regulating insurance").  Consequently, the LRRA does not exempt CCRRG from the challenged provisions of A.R.S. § 12-1584 or the Arizona Supreme Court's holding in *Benson*.[2]  *See* 15 U.S.C. § 3902(a).

**AFFIRMED.**

---

[2] During oral argument, CCRRG suggested for the first time that the Federal Arbitration Act also preempts the Arizona laws at issue.  CCRRG did not raise this argument in its briefing on appeal or in the district court.  Therefore, we do not consider it.  *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in [its] opening brief.").

22-16829